[Civ. No. 1262. Second Appellate District,—June 11, 1913.]

EARL NEWMIRE et al., Appellants, v. SCHACHT CON-
SOLIDATED AUTO & TRUCK COMPANY, et al.,
Respondents.

NEW TRIAL AND APPEAL—STATEMENT OF CASE—AUTHENTICATION BY JUDGE—SPECIFICATIONS FOLLOWING HIS SIGNATURE.—A statement of the case on motion for a new trial is insufficient, if the certificate of the judge is placed before the specifications of errors and the particulars wherein it is alleged that the evidence is insufficient to justify the decision, and no reference is made to them in the authentication or in the body of the statement. Under such circumstances the certificate of the judge has no application to matter which does not precede his signature.

ID.—CORRECTION OF RECORD—FAILURE TO MAKE.—If, as a matter of fact, the unauthenticated matter constitutes a part of the statement, the respondents should, when attack upon such ground is made by the appellants in their brief, ask for a diminution of the record in order to correct the same. If they fail to do so, the appellate court will assume that the record is what it purports to be, and fails to comply with section 659 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.  Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Newmire & Morris, for Appellants.

Ingall W. Bull, and H. A. Pierce, for Respondents.

SHAW, J.—Plaintiffs prosecute this appeal from an order granting defendants' motion made upon a statement of the case, for a new trial.

In addition to other grounds urged in support of a reversal, appellants insist that the order must be reversed for the reason that, while the notice of the motion designated as grounds therefor the insufficiency of evidence to justify the decision and errors of law occurring at the trial, the statement fails to specify such errors or the particulars in which the evidence is alleged to be insufficient, as required by subdivision 3 of section 659 of the Code of Civil Procedure, which section further provides that, "if no such specification be made, the statement shall be disregarded on the hearing of the motion." It is unnecessary to cite authorities in support of this proposition. The only question is whether the statement contained such specifications, for if it did not, then clearly the action of the trial court in making the order was unwarranted. As appears from the transcript, it contains, first, the judgment-roll as certified by the clerk, following which is the engrossed statement, which, as printed, covers nearly one hundred pages of matter, all of which purports to be a transcript of the evidence adduced at the trial. At the end of this appears the certificate of the trial judge as follows: "This statement is hereby settled and allowed.  Clarence A. Raker, . . . Judge presiding in above entitled court and cause.  Dated September 20, 1912." Following this certificate there is printed in the transcript the third amended complaint, answer thereto, and findings of fact, all of which were inserted in the judgment-roll certified to by the clerk, together with what purports to be specifications of errors and particulars wherein it is alleged the evidence was insufficient to justify the decision, as well as other matter, none of which is referred to in the statement as a part thereof,

or authenticated in any manner, unless the certificate of the judge be deemed such authentication thereof. In our opinion, we cannot construe the certificate signed by the judge as having application to any matter other than that which precedes his signature. The contention of respondents is that it is immaterial upon what portion of the engrossed statement the judge places his certificate. This might be true if there was anything in the certificate whereby the copies of the papers following the certificate were referred to or otherwise identified as a part of the statement. In this instance, there is absolutely nothing, either in the certificate or in the statement proper, which in any manner refers to the copies of the papers, following as a part thereof. Under these circumstances, we cannot assume that they were incorporated in the statement, or that by signing the statement the judge intended to certify to the correctness or truth of the statement contained in the loose sheets of paper having no place in and constituting no part of the record. If, as a matter of fact, the unauthenticated matter constituted a part of the statement, respondents should, when the attack upon such ground was made by appellants in their brief, have asked for a diminution of the record in order to correct the same. This was not done. We must, therefore, assume that the record is just what it purports to be, and it not only failed to comply with the provisions of section 659 of the Code of Civil Procedure, in the particulars referred to, but also omitted therefrom other matters of vital importance which should have been incorporated therein.

While appellate courts are loath to disturb an order of the court in either granting or denying a motion for a new trial, nevertheless, upon this record it is impossible to adopt any theory upon which the ruling can be upheld.

The order is reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1913.