[Sac. No. 3168. In Bank.—October 9, 1922.]

## GEORGE BIAGGI, Appellant, v. W. F. RAMONT et al., Respondents.

[1] NEW TRIAL—ORDER IN GENERAL TERMS—APPEAL—PRESUMPTION. Where a general order granting a new trial does not designate therein any reason for such action, it will be presumed on appeal that the motion was not based on the insufficiency of the evidence to support the verdict.

[2] ID.—GROUND OF ORDER—CERTIFICATE OF JUDGE—MATTER DEHORS THE RECORD.—On an appeal from an order granting a new trial which is general in its terms and does not designate therein any reason for such action, a presented certificate of the trial judge stating that the motion was granted because of the insufficiency of the evidence, but that the fact was not made to appear through an erroneous entry of the order by the clerk, is *dehors* the record and may not be considered.

[3] ID. — PRESENTATION OF MATTER — PROCEDURE. — Where an order granting a new trial through an erroneous entry by the clerk failed to recite that the motion was granted on the ground of the insufficiency of the evidence to support the verdict, the proper way to have presented the matter to the appellate court would have been by a *nunc pro tunc* order made by the trial court, which could have been incorporated in the transcript on a motion for a diminution of the record.

[4] ID.—CORRECTION OF CLERICAL ERROR—POWER OF COURT.—The right of the trial court to correct the clerical omission of the clerk in entering an order granting a new trial is not suspended or impeded by an appeal from the order, nor because the record itself does not show that the entry was incorrect.

[5] ID.—ORDER GRANTING NEW TRIAL—INSUFFICIENCY OF EVIDENCE—WHEN NOT REVIEWABLE.—On an appeal from an order granting a new trial, which is general in its terms, the appellate court is precluded under section 657 of the Code of Civil Procedure from considering the question whether or not the evidence is sufficient to sustain the verdict, unless it is insufficient in law and without conflict in any material point.

[6] TAXATION—VOID DEED.—Where real property was sold to the state in 1910 for the nonpayment of taxes for 1909, and no deed was ever executed by the tax collector to the state, and the state never deeded the property to anyone, a tax deed from the tax collector in 1915 purporting to convey the property to the highest bidder was void.

[7] ID.—TAX SALE—LAW GOVERNING.—The law existing at the time of a tax sale governs the sale and regulates the right of redemption.

[8] INSTRUCTIONS—DISREGARD BY JURY—EFFECT OF.—The fact that the jury disregarded instructions as to the evidentiary weight of recitals in a deed improperly admitted in evidence does not make the verdict against law.

[9] DEEDS—EFFECT OF QUITCLAIM.—A quitclaim deed is as efficient to transfer title as a grant, bargain and sale deed.

[10] QUIETING TITLE—CLAIM UNDER QUITCLAIM DEED—EVIDENCE—INSTRUCTIONS—PRESUMPTIONS.—Where in an action to quiet title the defendants claimed under a quitclaim deed which the grantor denied that he executed, but his testimony was uncertain and unsatisfactory and not free from suspicious circumstances, the court should have given an instruction requested by defendants on the *prima facie* presumptions of law arising from a certificate of acknowledgement and that an identity of person is to be presumed from identity of name.

[11] APPEAL — NEW TRIAL — AFFIRMANCE OF ORDER.—On an appeal from an order granting a new trial the action of the trial court will not be disturbed if upon any hypothesis it can be sustained.

APPEAL from an order of the Superior Court of Stanislaus County granting a new trial. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ralph C. McComish, W. R. Biaggi and H. A. Gabriel for Appellant.

Dennett & Zion for Respondents.

WASTE, J.—This is an appeal from an order granting a new trial. The plaintiff, out of possession, brought an ordinary action to quiet title. The defendants Ramont, husband and wife, answered, alleging ownership in fee simple, possession and right of possession in themselves, and set up certain proceedings under sales for delinquent taxes, whereby they claimed to have acquired title to the property. The cause was tried with a jury. The only special issue requested was refused by the court, and the jury returned a general verdict "for the plaintiff." No findings were made, and the only judgment entered was

that plaintiff recover his costs. **[1]** Defendants thereupon made a motion for a new trial, specifying as grounds insufficiency of the evidence, that the verdict was against law, and errors in law occurring at the trial. The court granted the motion, and the clerk entered a general order to that effect without designating therein any reason for such action. Consequently, on the face of the record as presented here, it will be presumed that the motion was not based on the insufficiency of the evidence to support the verdict. (Code Civ. Proc., sec. 657.) **[2]** Respondents assert that as a matter of fact the court granted the motion for a new trial because of the insufficiency of the evidence, among other reasons, and so stated at the time, but that the fact was not made to appear through an erroneous entry of the order by the clerk. They present here a certificate of the judge who tried the case, which so states, and make application for an order causing the transcript to be returned to the trial court to permit a *nunc pro tunc* order to be made correcting the record so that it shall recite what actually took place. Such a certificate is *dehors* the record and may not be considered. **[3]** The proper way to have presented the matter, had either party deemed it of importance, would have been by a *nunc pro tunc* order made by the trial court, which could have been incorporated in the transcript here on a motion for a diminution of the record. (*Newmire* v. *Schacht etc. Truck Co.,* 22 Cal. App. 308, 310 [134 Pac. 336].) **[4]** The right of the lower court to correct the clerical omission of the clerk was not suspended or impeded by the appeal. (*Boyd* v. *Burrel,* 60 Cal. 280, 284; *Fay* v. *Stubenrauch,* 141 Cal. 573, 575 [75 Pac. 174].) Nor was the court precluded from correcting the entry merely because the record itself did not show that it was incorrect. (*Kaufman* v *Shain,* 111 Cal. 16, 21 [52 Am. St. Rep. 139, 43 Pac. 393].) **[5]** Because of the provision of section 657, *supra,* we are precluded from considering the question whether or not the evidence is sufficient to sustain the verdict, unless it is insufficient in law, and without conflict in any material point. (*Read* v. *Pacific Electric Ry. Co.,* 185 Cal. 520 [197 Pac. 791].)

The plaintiff relied on title in himself, acquired in 1919, by a grant, bargain and sale deed from "Anton Alves,"

who purchased the property from George Perley in 1889. The proper chain of title from the United States patent down to Alves is contained in the record. The respondents introduced in evidence, over the objection of the plaintiff, the record of a certificate of sale of real estate, showing that the property was sold to the state of California by the tax collector of Stanislaus County, July 1, 1910, because of nonpayment by Alves of the state and county taxes for the year 1909. The record of the certificate contained the following additional notations: "State and County Taxes for fiscal year 1910 and 1911 not paid. See Vol. —— page 1, Roll of 1910. State and County Taxes for fiscal year 1911 and 1912 not paid. See Vol. —— page 1 Roll of 1911. State and County Taxes for fiscal year 1912 and 1913 not paid. See Vol. —— page 1 Roll of 1913. Redeemed this 3rd day of July 1915 by R. C. Payne by payment to County Treasurer of the sum of $16 no/100." There was also introduced the record of a tax deed from the tax collector, purporting to convey the property to R. Crossman Payne, and dated July 2, 1915. On February 27, 1918, Payne, by grant, bargain and sale deed, conveyed the property to the defendant W. F. Ramont, and there was introduced in evidence a purported quitclaim deed from Anton Alves to the same defendant, dated November 27, 1918.

On the foregoing record the case presented is one in which the appellant rests upon a good chain of title and conveyance to himself, and the respondents claim by reason of a purported tax title from the state, and a purported quitclaim deed from the delinquent owner, who is also plaintiff's grantor. The plaintiff made timely objection in the court below to the introduction of the records showing the various steps in the acquisition of the tax title by the respondents. The objections were overruled and the records were admitted, but no evidence was introduced to vary or contradict their recitals in any particular. In determining that the verdict is, or is not, against law, we are first led to a consideration of the question whether or not the certificate of sale for delinquent taxes, the assessment-roll and the purported tax deed are, in themselves, sufficient evidence of title in respondents.

[6] It at once appears that the deed from the tax collector is void on its face. The property was sold to the state of California on July 1, 1910, for the nonpayment of taxes for the year 1909. No deed was ever executed by the tax collector to the state, and the state has never deeded the property to anyone. At the time of the sale, section 3771 of the Political Code provided that all property delinquent, upon which the taxes, penalties and costs had not been paid, should, by operation of law and the declaration of the tax collector, be sold to the state. (Stats. 1895, p. 327.) Section 3776 provided that the tax collector should make out a certificate of such delinquent tax sale, and specify what it should contain. Under section 3780 a redemption of the property sold might be made by the owner, or any party in interest, within five years from the date of the sale to the state, or at any time prior to the entry or sale by the state. (Stats. 1895, p. 328.) Section 3785 provided that if no redemption was made within such five-year period, the tax collector, or his successor, *must make the state a deed of the property* (the italics ours), the instrument to contain certain recitals. (Stats. 1909, p. 921.) [7] The law existing at the time of the sale governed the case, and regulated the right of redemption. (*Johnson* v. *Taylor,* 150 Cal. 201, 205 [119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818, 88 Pac. 903]; *Walsh* v. *Burke,* 134 Cal. 594 [66 Pac. 866]; *Main* v. *Thornton,* 20 Cal. App. 194, 196 [128 Pac. 766].) The instrument introduced in evidence by the respondents is not "a deed to the state," the only conveyance authorized by the law (sec. 3785, *supra*) in force when the sale was made in 1910. It would seem that the tax collector attempted to make a deed of the property "to the highest bidder," under section 3771 of the Political Code, as amended in 1913 (Stats. 1913, p. 557), and in the form presented by section 3785b, which was added to the code the same year. As a result respondents introduced in evidence a void deed, which showed no title or interest in themselves, under their purported tax title, sufficient to defeat the title and claim of the appellant. (*Jones* v. *Luckel,* 174 Cal. 532, 534 [163 Pac. 906]; *McArthur* v. *Goodwin,* 173 Cal. 499 [160 Pac. 679]; *Bublitz* v. *Reeves,* 40 Cal. App. 75 [180 Pac. 28].) Aside from the foregoing conclusion it may be well to note that

the deed is not in proper form in any event. (Pol. Code, secs. 3785 and 3785b.) It seems to be the form prescribed for conveyances from the state in those cases in which the state has become the owner of property which has been sold for taxes, and the deed to the state has been filed with the controller. (Pol. Code, secs. 3897, 3898.)

[8] Respondents complain that the jury returned a verdict not in accord with the instructions of the court. "The only evidence before the jury," they say, "except plaintiff's and defendants' chain of title, and evidence as to the identity of Alves, were the records of the tax sales above mentioned. These, the court instructed the jury, were *prima facie* evidence of the facts set forth, and since no other evidence of any kind was introduced, or offered, the jury clearly violated the instructions of the court, and brought in a verdict contrary thereto, and contrary to law, and evidently the court so held by setting aside the verdict and granting a new trial." Aside from giving a general instruction as to the burden of proof, the number and credibility of witnesses, requested by the respondents, the trial judge, at the instance of the appellant, read to the jury certain sections of the Political Code relating to the evidentiary effect and conclusiveness of the recitals in tax deeds, and to the resale of lands sold to the state. The reading of these sections could in no degree have prejudiced the respondents' cause. The tax deed introduced in evidence was void, but the jury was no doubt led by the giving of the instruction to believe that the court was of the opinion that the instrument was valid. The fact that the jury disregarded the instructions as to the evidentiary weight of recitals in a deed improperly admitted in evidence does not make the verdict against law. (*Tousley* v. *Pacific El. Ry. Co.*, 166 Cal. 457, 462 [137 Pac. 31].)

Certain errors of law are relied upon by the respondents to justify the order granting a new trial. Considerable doubt was injected into the record as to whether the "Anton Alves" who executed the quitclaim deed of the property to respondent Ramont in 1918 was the same person who executed the grant, bargain and sale deed of the same property to the appellant in 1919. Respondents requested the trial court to submit to the jury, as a special issue, the question whether or not the deed purporting to

"grant" the property to Ramont was "executed by the Anton Alves who owned the property," and in that connection they requested an instruction on the question of the presumptions of law arising from certificates of acknowledgments, and from identity of names. The court refused to submit the special issue, which as framed did not literally conform to the fact, and did not give the instruction. The special issue could have been easily corrected by changing the word "grant" to "quitclaim," and, notwithstanding the discretion vested in trial courts as to giving or refusing special issues, we think the question might well have been submitted to the jury. The plaintiff deraigned title through Anton Alves by a deed from the latter made in *1919*. The defendants claimed through a tax title which was void on its face. But defendants also claim through a quitclaim deed from Anton Alves made in *1918*. They produced that deed in evidence, regular on its face, duly acknowledged and certified by a notary public. **[9]** A quitclaim deed is as efficient to transfer title as a grant, bargain and sale deed. (*Graff* v. *Middleton,* 43 Cal. 341, 344; *Myers* v. *City of Oceanside,* 7 Cal. App. 87, 93 [93 Pac. 686].) If the Anton Alves who executed and acknowledged defendants' deed was the same Anton Alves who owned the land in question, it necessarily follows that title is in the defendants and not in the plaintiff. Thus the question of identity was the vital question in the case.

Plaintiff produced one Anton Alves as a witness, who testified that he was the man who owned the land; that he executed the deed to plaintiff in 1919, and that he did not execute the deed to defendants in 1918. But his testimony was uncertain and unsatisfactory, and not free from suspicious circumstances. The jury under proper instructions might have discredited and disbelieved it.

**[10]** In this state of the case the court should have given an instruction as requested by defendants, on the *prima facie* presumptions of law arising from a certificate of acknowledgment, and that an identity of person is to be presumed from identity of name. (Code Civ. Proc., secs. 1948, 1963, subd. 25.) **[11]** On an appeal from an order granting a new trial the action of the trial court will not be disturbed if upon any hypothesis it can be sustained. Its action is conclusive upon this court, unless an abuse

of discretion is made to appear. (*Gordon* v. *Roberts,* 162 Cal. 506, 508 [123 Pac. 288]; *Union Lumber Co.* v. *Webster,* 15 Cal. App. 165 [113 Pac. 891].)

No other error of law found in the record presents a cause for a new trial, and we will presume that the court below reached the conclusion that it had failed to instruct the jury on a vital matter upon which an instruction had been requested.

The order granting a new trial is affirmed.

Wilbur, acting C. J., Lawlor, J., Richards, J., *pro tem.,* and Sloane, J., concurred.