[L. A. No. 13306. In Bank.—October 30, 1934.]

J. J. NEARY, Appellant, v. CARRIE W. PETERSON et al., Defendants; G. M. BROWN et al., Respondents.

Horace L. Cook for Appellant.

R. Dechter, Dechter & MacKay and J. Everett Brown for Respondents.

Solon S. Kipp, as *Amicus Curiae* on Behalf of Respondents.

PRESTON, J.—This appeal involves the title to a lot located in Culver City, Los Angeles County. The question presented is that of the priority of a lien for general taxes over a subsequent lien for street improvement assessments upon the property. After a careful consideration of the cause, we are in accord with the conclusion announced by the District Court of Appeal, First Appellate District, Division One, speaking through Mr. Justice *pro tem.* Jamison.

Plaintiff, on November 7, 1928, brought this action to foreclose the lien of a street improvement bond issued under the Street Improvement Act of April 7, 1911 (Stats. 1911, p. 730), and acts amendatory thereof, alleging that at the time of issuance of said bond defendant Carrie W. Peterson was the owner of the lot here in question. Respondent Brown, who was served as a defendant by a fictitious name, answered, denying ownership in said Carrie W. Peterson and setting up the claim of ownership in himself by virtue of a tax deed issued to him by the tax collector of Los Angeles County. Defendant Warden, also served under a fictitious name, defaulted, as did likewise said defendant Peterson. Judgment was rendered in favor of defendant Brown. Plaintiff's motion for new trial was denied and he now prosecutes this appeal.

Appellant's said street improvement bond was issued by said city on September 23, 1927, and thereafter assigned to him. Respondent's tax deed was issued to him on August 5, 1929, by the tax collector of Los Angeles County, based on a lien for state and county taxes for the year 1923. Said lot was, by operation of law, sold to the state on June 30, 1934, but was thereafter duly assessed for taxes for the years 1924, 1925, 1926, 1927 and 1928. It was purchased by respondent at public sale, pursuant to section

3771a of the Political Code, on July 27, 1929, and, on the same day, he redeemed it from the subsequent state and county taxes which had been assessed against it. At the time appellant's street bond became a lien on said property, only the legal title thereto was in the state of California; the equitable title was at all times prior to said sale to respondent in the defendant Carrie W. Peterson.

The question, therefore, is reduced to this: Did the lien for taxes due the state destroy the lien of the improvement bond?

This question, for all practical purposes, was answered by the recent case of *La Mesa etc. Irr. Dist.* v. *Hornbeck*, 216 Cal. 730 [17 Pac. (2d) 143], where it was held that by section 3787 of the Political Code the former priority of liens for general taxes was subordinated and they were placed on a parity with certain enumerated liens for special assessments. This disposes of the question before us here, unless it must be held that the lien in this case is without the exceptions set forth in said code section. A contention has also arisen as to which version of said section is applicable. Are we to consider the statute as it read in 1923, when the assessment underlying the tax deed became a lien, or as it read in 1929, when the deed to the purchaser of the tax title was executed? The two versions, so far as here material, are:

"3787. Such deed . . . is . . . conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed. Such deed conveys to the state the absolute title to the property described therein, free of all encumbrances, except any lien of taxes levied for municipal or irrigation district purposes. . . . " (Stats. 1917, chap. 157, p. 241.)

"3787. Such deed . . . is . . . conclusive evidence of the regularity of all other proceedings, from the assessment . . . up to execution of the deed. Such deed conveys to the state the absolute title to the property described therein, free of all encumbrances, except any lien for taxes levied for municipal, or for irrigation, reclamation, protection, flood control, public utility or other district purposes . . . " (Stats. 1927, p. 1666, chap. 830.)

As will hereafter appear, an answer to this inquiry is not required. The phrase "lien for taxes" found in both

versions of said section includes liens for special assessments. This is clear from the context, for certain agencies are included which have no taxing power except by way of special assessments.

This record also suggests the question as to whether or not said section does not relate solely to existing and prior liens upon the property at the time the assessment for general taxes became a lien and that all exceptions noted therein simply have the effect of preserving certain existing and prior liens as of said date of assessment; that said section so construed would and could lawfully have no reference to tax liens upon the property accruing subsequent to such assessment for general taxes.

But, again, we need not pause to answer this query, for we are convinced that said section, whether taken as it read in 1923 or as it read in 1929, was broad enough to apply to the special assessment lien of said Street Improvement Act. This we deduce from a construction of the phrase ''municipal . . . purposes'' found in the 1923 statute and the phrase ''municipal . . . or other district purposes'' found in the section as it read at the time of the sale to respondent.

The liens are therefore on a parity, made so by statute, and the lien for the subsequent street improvement remained intact notwithstanding the sale to respondent.

The judgment is reversed.

Shenk, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.