[L. A. No. 13642. In Bank.—November 28, 1934.]

OLIVER CRAM CONLEY, Respondent, v. GERTRUDE HAWLEY et al., Defendants; T. A. DAVIS, Appellant.

Winslow P. Hyatt for Appellant.

Arthur E. Briggs for Respondent.

CURTIS, J.—This action was instituted to quiet title of plaintiff to a certain lot of land situated in the city of Inglewood. The plaintiff prevailed and the defendant has appealed from the judgment in plaintiff's favor.

Plaintiff claims under a city treasurer's deed executed in pursuance of street improvement proceedings instituted under the improvement act of March 18, 1885. (Stats. 1885, p. 147, and acts amendatory thereof and supplemental thereto.) This act is better known as the Vrooman Act. Defendant claims under a city treasurer's deed, executed in pursuance of like proceedings instituted under the same act. The proceedings under which the defendant's deed was executed were instituted and consummated long prior to the institution of the proceedings under which plaintiff's deed was executed. The lien, therefore, of the plaintiff being subsequent in time to that of defendant is superior to that of defendant, and a sale to satisfy plaintiff's lien and execution of a deed by the city treasurer in pursuance of said sale completely extinguished the lien of the defendant and all of his rights in said real property acquired by him under his treasurer's deed. (*Woodill & Hulse Elec. Co.* v. *Young,* 180 Cal. 667 [182 Pac. 422, 5 A. L. R. 1296]; *Balaam* v. *Pacific States S. & L. Co.,* 219 Cal. 612 [28 Pac. (2d) 1053]; *Neary* v. *Peterson,* 1 Cal. (2d) 703 [37 Pac. (2d) 82].)

The defendant also claims title to said real property under a sale thereof to the state for delinquent taxes for the year 1911. The property was sold to the state for delinquent taxes in 1912 and by the state to defendant Davis in 1917. At the time said property was assessed for general taxes as well as when the property was sold to the state for delinquent taxes by deed from the tax collector to the state, section 3787 of the Political Code provided that, "Such deed conveys to the State the absolute title to the property described therein, free of all encumbrances." There are cer-

tain exceptions to this general statement but none of them has any bearing on the question now before us. ■ The law then in force governs the effect of the deed issued in pursuance thereof. (*Teralta Land etc. Co.* v. *Shaffer,* 116 Cal. 518 [48 Pac. 613, 58 Am. St. Rep. 194]; *Johnson* v. *Taylor,* 150 Cal. 201 [88 Pac. 903, 119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818].) The state, therefore, by said tax deed acquired said property free of all encumbrances which would include liens of all kinds. The encumbrances mentioned in said section 3787 of the Political Code, however, referred to existing encumbrances and not to future liens or encumbrances against said property which might come into being thereafter or during the time the ownership of the property was in the state. The lien of the plaintiff resulting in his deed from the city treasurer arose after the state received its deed to said property and while said property was in state ownership. Whether any such future liens or encumbrances might lawfully or legally be created against said property while in state ownership would depend upon the question as to whether said state-owned property was subject to or liable for future taxes or special assessments levied against it.

■ Property acquired by the state through delinquent tax sales is held by the state in its proprietary capacity and not for governmental purposes. Lands so held are subject to general assessments and other burdens not imposed upon property impressed with a public purpose. In the recent case of *La Mesa etc. Irr. Dist.* v. *Hornbeck,* 216 Cal. 730, 738 [17 Pac. (2d) 143], it was expressly stated that, "Moreover, the law recognizes a distinction between property impressed with a public purpose and property of an agency not so impressed, for in the latter instance the property may be sold for delinquent special assessments levied by other agencies or may be affected by adverse possession and other burdens of private property."

No claim is made that the property here involved, during the time it was held by the state, was put to any governmental use. It was, therefore, held by the state in its proprietary capacity. In the case of *City Street Improvement Co.* v. *Regents, etc.,* 153 Cal. 776, 778 [96 Pac. 801, 18 L. R. A. (N. S.) 451], this court cites with approval the following statement of the law from Hamilton on Special

Assessments, section 318, ''Exemptions made by general law in favor of such property [publicly owned] apply only to the general purposes of government, state, county and municipal, even where the statute exempts the specific property from taxation of every kind, or from being taxed by any law of the state, and do not apply to the system of special assessments for local improvements.'' The court, on page 779 [153 Cal.] of its opinion, in that case gives the reason why such property should not be exempt from special assessments for local improvement as follows: ''A different rule would compel individual lot owners to pay assessments levied for improvements which were of benefit to the state lands, without any adequate advantage, and in many instances impose a burden which would be extremely onerous and produce great injustice. This could not have been intended.'' In the case of *City Street Improvement Co.* v. *Regents, etc., supra,* the court held that lands held by the regents of the state university not in actual use for school purposes were subject to assessments for street improvements, and that such an assessment might be enforced against said land, the same as against the property of a private person. In that case the court, after citing authorities from various courts, sums up the situation as follows (p. 781): ''A reading of these cases will disclose that in many of the states, upon the theory that in the absence of express prohibition, even the state should bear its share of benefits for special assessments, it is held that property although devoted to public use, is liable to such assessment. The rule in this state is, as above indicated, that such property when actually devoted to the public use is exempt; otherwise not.'' In California Jurisprudence the rule is stated as follows: ''While local assessments are laid under the taxing power, they are not taxes in the ordinary understanding of that term, or within the meaning of the word as used in the provisions exempting lands of the state from taxation. Public policy, of course, forbids the application of general law to property held in trust for public purposes, such as public buildings, and necessary land upon which they stand. But the rule goes no further, and whenever lands, though owned by some public agency or mandatory of the government, are not in use in the performance of a public function, such lands, in the absence of constitutional or legislative restric-

tions, may justly be compelled to bear their part of expense which goes directly to increase their values. So lands of a municipality, situated within an irrigation district are not expressly exempt from assessment by such district, but there may exist an implied exemption, dependent upon the use to which the property is put. Likewise, lands of a school district which are held as an investment may be assessed for improvements the same as those of any private owner." (24 Cal. Jur., p. 97.)

Defendant relies upon the recent case of *La Mesa Irr. Dist.* v. *Hornbeck, supra,* and *Neary* v. *Peterson,* 76 Cal. App. Dec. 645 [30 Pac. (2d) 55]. We fail to see how the defendant can derive any comfort from the decision in either of those cases. The first involved the construction of section 3787 of the Political Code, as amended in 1927, and the priority of the respective liens therein mentioned. It was held that liens for general taxes were on a parity with liens for certain special assessments enumerated in said section of the code. In the case of *Neary* v. *Peterson, supra,* this court ordered a hearing after its decision by the District Court of Appeal. On hearing before us, while we arrived at the same conclusion as that reached by the District Court of Appeal, we rewrote the case and held that, "The liens, therefore, are on a parity, made so by statute, and the lien for the subsequent street improvement remained intact notwithstanding the sale to respondent." The judgment of the trial court was reversed. (*Neary* v. *Peterson,* 1 Cal. (2d) 703 [37 Pac. (2d) 82].) As the respondent in that action claimed under a sale to the state for general taxes, the facts in that case are in principle precisely like those in the instant action. That case, therefore, not only fails to support defendant's contention but is practically a conclusive authority in plaintiff's favor. It is true that under the statute these liens were all placed on a parity, while under the statute in force at the time of the sale for general taxes to the state of the property herein involved, the statute provided that the deed to the state, "conveys to the state the absolute title to the property described therein, free of all encumbrances", but, as we have previously held herein, the encumbrances therein referred to were existing encumbrances and not such liens or encumbrances as might thereafter be legally created upon the property by the statutory or other law of the state.

■ Defendant also contends that the treasurer's deed under which the plaintiff claims title is illegal and void by reason of certain irregularities in the street improvement proceedings before the city council pursuant to which said bond was issued. We have carefully considered these alleged irregularities and find no substantial merit in defendant's contention that they are of such serious import as to invalidate said bond or to affect plaintiff's title to said real property. It is not necessary to enter into any discussion of defendant's argument in support of this contention. For the benefit of counsel, we would say that we are in thorough accord with the conclusion of the District Court upon the questions therein involved and a repetition here of the reasons for such conclusion would serve no useful purpose.

■ Neither do we think that defendant is entitled to reimbursement under section 3898 of the Political Code for moneys expended by him as taxes, penalties and costs. This section only applies when the sale for general taxes has been declared void for any purpose. The sale by the state was valid, and the purchaser thereby acquired the legal title to the property conveyed. The fact that this title was lost by foreclosure of a paramount lien does not bring the case within the terms of said section.

The judgment is affirmed.

Preston, J., Shenk, J., Thompson, J., Waste, C. J., Langdon, J., and Seawell, J., concurred.