### In re MEAD–HASKELL CO.

### No. 1553.

District Court, S. D. California, S. D.
Jan. 9, 1942.

On Petition to Sue Trustee in District Court
Jan. 29, 1942.

Glen H. Munkelt, of San Diego, Cal., for trustee.

NETERER, District Judge.

Petition for reorganization was filed May 19th, 1939. The estate consists largely of real estate, approximately 171 parcels improved in most part by dwelling houses; approximately 49 vacant parcels; it has record title to 131 parcels; and held under contract of purchase approximately 40 parcels. Under a plan called "1% per month plan (i. e.) the purchaser to pay 1% of the purchase price cash, and 1% per month, thereafter until the full price is paid", sales were made, and 44 parcels were sold; eight of said parcels have been deeded, and trust deeds taken for the unpaid purchase price. All of the improved real estate it appears has a value of approximately $660,000; and the unimproved of $66,000, encumbered by two trust deeds; first trust deed $384,-286.17; second trust deed $59,513.50; and delinquent taxes approximately $75,000, secured creditors, miscellaneous security $89,-547.26. At a delinquent tax sale, pursuant to state law, the State of California became the purchaser of the property, and certificates of sale were issued to the State July 19th, 1939. The petition for reorganization was denied, and the petitioner for reorganization was "adjudged bankrupt within the true meaning and intent of the Bankruptcy Act," and the matter referred to a Referee. A trustee was appointed August 4th, 1939. Upon qualification the trustee entered into possession of all the property of the bankrupt including the real estate herein stated, and administered the same, and in his capacity as a trustee collected rentals, from the improved property until the redemption from the tax sale, in the sum of approximately $5,694.51. June 3rd, 1941, the State of California filed a petition for leave to sue the trustee in the State Court of California, alleging that as trustee he wrongfully collected "rents and profits from the said real estate of the bankrupt from May 31st, 1939, to and including October 31st, 1940", the date of redemption, and refused on demand, to pay the same to said State, who is entitled thereto as holder of said certificates of purchase. June 27th, 1941, the Referee denied said petition. A petition to review such order of denial was filed on November 11, 1941, and by stipulation the issue is to be determined by the Court on briefs to be

Earl Warren, Atty. Gen., of the State of California, and H. H. Linney and Adrain A. Kragen, Deputy Attys. Gen., for petitioner.

filed on or before January 1st, 1942, and the record.

■ The State has a proprietary status, and not sovereign relation. Conley v. Hawley, 2 Cal.2d 23–25, 38 P.2d 408. As a creditor on adjudication it bore the same relation to this estate as other secured creditors, except its lien had first rank. The rentals it seeks to recover are money collected by an officer of this Court, in course of administration of the bankrupt estate, for rentals on real estate in his possession as trustee. The money is in control and custody of this Court.

■ This Court is competent, it has jurisdiction of the subject matter and of the parties. § 23, Bankruptcy Act, 11 U.S.C. A. § 46. No authority is cited, nor do I know of any which would warrant granting such order. Judge Jenney of this Court in Re American Fidelity Corporation, Limited, 28 F.Supp. 462, disposed of the issue in this case. If the representatives of the State are advised that the State is entitled to the rentals, and will file a petition or claim therefor, in this Court, it will determine the matter as right and justice may appear. The order of the Referee denying permission to sue the trustee in the State Court is affirmed for the reason herein given, and none other.

### On Petition to Sue Trustee in District Court.

■■ On the 9th of January, 1942, petition to sue the trustee in the State Court was denied. A petition is now filed by the State for permission to sue the trustee in this Court to recover monies in the possession of the trustee of the bankruptcy estate. The status of the estate is stated in the opinion filed on the above named date. A plenary action is not necessary, the money is in the custody of this Court. There is no issue of fact to be determined. The petition to sue the trustee is therefore denied. The State in this matter has a proprietary status. As a creditor on adjudication it bore the same relation to this estate as other secured creditors, except its lien had first rank. The money it seeks to recover is money collected by an officer of this Court, in the course of administration of the bankruptcy estate, for rentals on real estate in his possession as trustee. The claim of the State has been paid by redeeming the lands sold to satisfy the tax lien. The proper procedure is to make claim for the monies which the State asserts are due on the referee and if payment is denied by the referee, petition this Court for review of the referee's determination, all as provided by the General Rules in Bankruptcy, and Bankruptcy rules of this Court.