[Civ. No. 3203. Fourth Dist. Mar. 3, 1943.]

M. C. CAMPBELL, Respondent, v. HENRY S. WOOLNER, Appellant.

John F. Bender for Appellant.

Waldo Willhoft for Respondent.

BARNARD, P. J.—This is an action to quiet title, the facts being undisputed. On May 9, 1930, two bonds were issued as a lien on the property in question pursuant to the Improvement Act of 1911 (Stats. 1911, p. 730; Deering's Gen. Laws, 1937, Act 8199), as amended. On March 5, 1934, a tax assessment for the fiscal year 1934-5 became a lien on the property. This tax was not paid and on June 29, 1935, the property was sold to the State of California under section 3771 of the Political Code, as then in effect. On August 2, 1940, a tax deed issued to the State of California based upon the sale to the state on June 29, 1935. On June 2, 1941, the state deeded the property to one Opal Campbell and the plaintiff, M. C. Campbell, the sale being held in accordance with division 1, part 6, chapter 7 of the Revenue and Taxation Code as then in force. On June 5, 1941, Opal Campbell conveyed her interest in the property to the plaintiff M. C. Campbell. In the meantime, and on July 10, 1936, a foreclosure action was begun on the two street improvement bonds issued on May 9, 1930. On January 3, 1939, judgment was entered in that action and on January 31, 1939, a commissioner's certificate of sale was issued and recorded. On April 8, 1940, a commissioner's deed in the foreclosure proceedings was issued to Trompeter & Co., a corporation. On May 1, 1940, Trompeter & Co. conveyed its interest in the property by quitclaim deed to the defendant Woolner.

In this action which followed, the court found that the plaintiff was the owner in fee of the property in question and that the defendant Woolner had no right, title or interest therein. From a judgment quieting the plaintiff's title the defendant Woolner has appealed. The question presented is whether the tax deeds relied upon by the respondent have the effect of extinguishing the lien of these street improvement bonds and shutting off the rights of the appellant which rest upon a foreclosure and sale after default on those bonds.

It was formerly held, under then existing statutes, that such a tax lien and such a street improvement lien were on a parity and that a tax title was not paramount over one acquired through foreclosure of a street improvement lien. (*Neary* v. *Peterson,* 1 Cal. 2d 703 [37 P.2d 82]; *La Mesa etc. Irr. Dist.* v. *Hornbeck,* 216 Cal. 730 [17 P.2d 143]; *Conley* v. *Hawley,* 2 Cal. 2d 23 [38 P.2d 408] ; *Bank of Hawaii* v. *Gibson,* 15 Cal.App.2d 407 [59 P.2d 559].) It was held to the contrary in *Smith* v. *Addiego,* 54 Cal.App.2d 230 [129 P.2d 953], because of a change in one of the statutes. In that case the street improvement bonds were issued in 1928, the property was sold to the state in 1930 for taxes for the year 1929-1930, the property was deeded to the state on June 29, 1935, a certificate of sale upon foreclosure of the improvement bonds was issued on November 30, 1935, followed by a commissioner's deed dated January 2, 1938, and on January 27, 1938, the property was sold to an individual, a deed from the state issuing on February 4, 1938. The court pointed out that the transactions in the ''parity'' cases above referred to had taken place in the few years immediately prior to 1931; that at all times from 1927 down to 1939, ''when it was transferred to the Revenue and Taxation Code,'' section 3787 of the Political Code, declaring the effect of a deed to the state, had remained the same and as construed in the ''parity'' cases; that the statutory provision declaring the effect of a tax deed from the state to an individual had been drastically changed by amendments in 1931 and 1933; that after 1933 section 3897 of the Political Code clearly provided that a tax deed from the state to an individual should convey title to the purchaser free and clear of all liens and assessments of the kind here involved; and that this statutory change had been made with the legislative intent to do away with the ''parity'' rule followed in the other cases above cited. It was then held that this change in section 3897 of the Political Code, which change was made after the property had been sold to the state in 1930, operated to extinguish the lien of the street improvement bonds.

The rule applied in *Smith* v. *Addiego, supra,* would apply, of course, only if section 3897 of the Political Code was in effect at the time any deed claimed to be affected thereby was given. In the instant case the deed to the state was given

in 1940 and the deed from the state in 1941. But in 1939, section 3897 of the Political Code was repealed (Stats. 1939, p. 1917) effective as of September 19, 1939. Also, in 1939, the Revenue and Taxation Code was adopted (Stats. 1939, chap. 154), to become effective February 1, 1941.

It was formerly held that the law in force at the time of sale of property to the state for nonpayment of taxes applied to all later proceedings depending on that sale, and that later amendments could not be made retroactive. (*Teralta Land etc. Co.* v. *Shaffer*, 116 Cal. 518 [48 P. 613, 58 Am.St.Rep. 194]; *Johnson* v. *Taylor*, 150 Cal. 201 [88 P. 903, 119 Am.St. Rep. 181, 70 L.R.A. N.S. 818]; *Scott* v. *Beck*, 204 Cal. 78 [266 P. 951]; *Biaggi* v. *Ramont*, 189 Cal. 675 [209 P. 892]; *Conley* v. *Hawley*, 2 Cal.2d 23 [38 P.2d 408].) Without directly overruling those cases, two late cases have adopted as controlling the law as it existed at the time the property which had been sold to the state for delinquent taxes was deeded to the state after the expiration of the five-year period. (*Smith* v. *Addiego, supra* and *Bray* v. *Jones*, 20 Cal.2d 858 [129 P.2d 364].) In the first of these cases the property was sold to the state in 1930 and deeded to the state in 1935. It was there held that a subsequent amendment of section 3897 of the Political Code was controlling, and that the provisions of that section as they read in 1935, when the deed was made to the state, operated to extinguish the lien of the street improvement bonds. In *Bray* v. *Jones, supra,* the property was sold to the state in 1930, deeded to the state in 1935, and deeded by the state to the plaintiff in 1937. An attack was made upon the notice of the sale of the property in 1930, and the Supreme Court held that section 3897 of the Political Code, as it read in 1935, the date of the deed to the state, governed the sale to the purchaser from the state in 1937 and not that section as it read in 1929 when the taxes were assessed.

Under the decisions last referred to, the law in force at the time the property here in question was deeded to the state, on August 2, 1940, is controlling and governs the rights of the parties to this action. At that time, section 3897 of the Political Code had been repealed and, while the Revenue and Taxation Act was not yet in effect, sections 3833.2 and 3836.1 had been added to the Political Code, effective as of September 19, 1939. (Stats. 1939, chap. 529.) Section 3836.1, thus added, provided that the deed from the tax collector to

the state should convey a clear title free of all encumbrances except "(c) Any lien for direct assessments." Section 3833.2 defined a direct assessment as "an assessment levied by a district the bonds of which are secured by assessments levied on a particular parcel of land described in the bond." The assessment under which the appellant claims was a direct assessment, as thus defined, with the result that in 1940, when the deed was issued to the state, section 3836.1 of the Political Code provided that such a deed should not operate to extinguish the lien of the street improvement bonds issued pursuant to the Improvement Act of 1911. While section 3787 of the Political Code was repealed in 1939 (Stats. 1939, Chap. 154), the repeal thereof did not become effective until February 1, 1941, the result being that during 1940, when the property here in question was deeded to the state, that section applied as it had been construed in the parity cases. It thus appears that the law, as it stood in 1940, was the same as it was when the parity cases were decided and those cases would seem to be controlling here, the amendment to section 3897 of the Political Code, which was followed in the case of *Smith* v. *Addiego, supra,* being at that time ineffective.

It follows that the tax lien and the lien of the street improvement bonds upon the property here in question were in parity and that the sale of the property under either lien did not extinguish the other lien. The trial court was, therefore, in error in finding and holding that the appellant had no right, title or interest in this property and that the respondent was the owner thereof in fee, free from any lien arising out of the street improvement bonds.

The judgment is reversed and the cause remanded.

Marks, J., and Griffin, J., concurred.