[Civ. No. 3111.   Fourth Dist.   Feb. 29, 1944.]

PETER R. ROSTAIN, Respondent, v. OLGA GUGGEN-
HEIM et al., Defendants; ALEXANDER CONSTRUC-
TION COMPANY (a Corporation), Appellant.

Earle P. Thompson for Appellant.

H. E. Schmidt for Respondent.

BARNARD, P. J.—This is an action to quiet title.   There
is no dispute as to the facts.   On February 2, 1926, a bond
was issued as a lien on the property in question pursuant
to the Improvement Act of 1911 (Stats. 1911, p. 730; Deer-
ing's Gen. Laws 1937, Act 8199, as amended).   No payment
of principal or interest was ever made on this bond and
because of a default on the first payment the city treasurer

advertised and sold the property in question and on September 2, 1927, issued a certificate of sale to the predecessor of the defendant Alexander Construction Company.

Municipal taxes on this property levied by the city of Delano were not paid and on December 27, 1933, the city tax collector duly sold said property to the city of Delano to satisfy said tax lien. At that time, section 4390 of the Political Code provided that the mode of collecting city taxes was the same as provided in that code for collecting state taxes. The right of the city to a deed to this property, if redemption was not made within five years, was preserved to the city in the act of 1937, which repealed section 4390 of the Political Code (Stats. 1937, chap. 221). On November 28, 1939, the city tax collector issued a tax deed to the city of Delano conveying title to this property for the nonpayment of the delinquent tax. On February 15, 1940, the city of Delano, through its tax collector, issued a tax deed to this property to the plaintiff herein.

In this action which followed the court found that the plaintiff's title under his tax deed was paramount, that he was the owner in fee of the property, and that the defendant Alexander Construction Company had no right, title or interest therein. Judgment was entered accordingly and the Alexander Construction Company has appealed.

The main question presented is whether the tax deed relied upon by the respondent had the effect of extinguishing the rights of the appellant under its certificate of sale based upon a default in the payment of the street assessment bond. This question depends upon the law in force on November 28, 1939, when the property in question was deeded to the city of Delano for the nonpayment of delinquent taxes. (*Campbell* v. *Woolner*, 57 Cal.App.2d 511 [134 P.2d 822].) In that case, this court said:

"At that time, section 3897 of the Political Code had been repealed and, while the Revenue and Taxation Act was not yet in effect, sections 3833.2 and 3836.1 had been added to the Political Code, effective as of September 19, 1939. (Stats. 1939, chap. 529.) Section 3836.1, thus added, provided that the deed from the tax collector to the state should convey a clear title free of all encumbrances except '(c) Any lien for direct assessments.' Section 3833.2 defined a direct assessment as 'an assessment levied by a district the bonds of which

are secured by assessments levied on a particular parcel of land described in the bond.' The assessment under which the appellant claims was a direct assessment, as thus defined, with the result that in 1940, when the deed was issued to the state, section 3836.1 of the Political Code provided that such a deed should not operate to extinguish the lien of the street improvement bonds issued pursuant to the Improvement Act of 1911. While section 3787 of the Political Code was repealed in 1939 (Stats. 1939, chap. 154), the repeal thereof did not become effective until February 1, 1941, the result being that during 1940, when the property here in question was deeded to the state, that section applied as it had been construed in the parity cases. It thus appears that the law, as it stood in 1940, was the same as it was when the parity cases were decided and those cases would seem to be controlling here, the amendment to section 3897 of the Political Code, which was followed in the case of *Smith* v. *Addiego, supra,* [54 Cal.App.2d 230 (129 P.2d 953)], being at that time ineffective.''

The situation existing here is precisely the same. On November 28, 1939, when the tax deed was issued to the city and on February 15, 1940, when the city deeded the property to the respondent, section 3897 of the Political Code had been repealed and sections 3833.2 and 3836.1 were in effect and provided that such a tax deed was subject to any lien for direct assessments. Section 3897 of the Political Code having been repealed, under the authorities cited in *Campbell* v. *Woolner, supra,* the title acquired through the tax deed and the title acquired through the sale for an unpaid street assessment lien were on a parity at that particular time and neither extinguished the other.

The respondent argues that any rights of the appellant are barred by the statute of limitations since section 76a of the Street Improvement Act provides that a suit to foreclose the lien of such a street assessment must be brought within four years after the last installment of the bond becomes due, and since no such suit was here brought. The right to file and maintain a suit to foreclose the lien of such a street assessment bond is given by section 76a of the act, but it is particularly provided therein that this is ''by way of a separate, distinct and cumulative remedy.'' Another procedure for a sale of property by the city treasurer in case of de-

fault in payments on such bonds is provided by sections 67 to 72 of the act. That method was here followed and no contention is made that these provisions of the law were not duly complied with. The matter of the statute of limitations, relied upon by the respondent, has no application here.

For the reasons given, the judgment is reversed and the cause remanded.

Marks, J., Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 27, 1944.