[Civ. No. 14288. Second Dist., Div. One. May 9, 1944.]

MINNA A. NEWMAN, Respondent, v. THOMAS HYE et al., Appellants.

Benjamin Chipkin for Appellants.

Earl D. Killion for Respondent.

DORAN, J.—This is an appeal from a judgment against defendants in an action to foreclose a street bond.

Defendants and appellants Thomas Hye and Mattie Hye are husband and wife and at the time of the filing of the within action, to wit, September 10, 1941, were the owners of a town lot in the city of Los Angeles against which a street bond had been issued in November, 1929, in the sum of $859.50. Said bond was one of a number issued under the procedure provided by the Street Improvement Act of

1911 [Stats. 1911, p. 730; Deering's Gen. Laws, 1937, Act 8199]. Appellants' brief recites, "that the term of said bond was for nine years from the second day of January next succeeding the 15th day of next November following its date and shall be due and payable on the 2nd day of January in equal proportions following the 15th day of next November after its date and interest was to be paid semi-annually. Provision was made in the bond for accelerating the payments in the event of default." It appears from the record that the bond in question was purchased by respondent in November, 1940. It does not appear whether any of the installments provided for in the bond were ever paid. The record further reveals that the town lot described in the bond was sold for taxes April 11, 1941, and purchased by respondent, the owner of the bond in question.

Appellants contended at the trial and renew the same argument on appeal that the purchase of the property at the tax sale resulted in a merger of estates and title, as a result of which plaintiff's right of action to foreclose under the bond was barred. The trial court found against defendants on such issue and the evidence supports the finding. Whether a merger results in such circumstances is a question of intention (*Sheldon* v. *La Brea Materials Co.*, 216 Cal. 686 [15 P.2d 1098]). The mere purchase of the same property at a tax sale is not conclusive. The liens are separate and the foreclosure of one does not affect the other. (*La Mesa Lemon Grove, etc. Irr. Dist.* v. *Hornbeck,* 216 Cal. 730 [17 P.2d 143]; *Neary* v. *Peterson,* 1 Cal.2d 703 [37 P.2d 82].)

At the trial defendant sought to attack the regularity and validity of the proceedings under and by virtue of which the bond in question was issued. The court sustained an objection to the introduction of any evidence for such purpose. The ruling was correct; no such issue was raised by the pleadings.

It is contended on appeal that the court erred in computing the penalties and interest, as a result of which the amount of the judgment is incorrect. No offer of assistance was made by defendant at the conclusion of the trial in this connection, nor does it appear that any effort was made to correct the findings, if, as appellants now contend, the court's figures were incorrect. The argument is based on the premise that the tax deed "wiped out" the bond. Appellant also

argues as follows, "It is the contention of appellants that since the last installment was due on January 2, 1940, all subsequent installments, that is subsequent to April 11th, 1941, were wiped out and there was nothing due." There is no merit to the contention.

Finally, an examination of the record discloses that appellants' contention that the trial judge was biased and prejudiced is likewise without merit.

The judgment is affirmed.

York, P. J., and White, J., concurred.