[Civ. No. 18425.   Second Dist., Div. One.   Nov. 26, 1951.]

ELBERT, LTD. (a Corporation), Respondent, v. JOHN BARNES et al., Defendants; MURRAY J. BLACK, JR., Appellant.

Ralph M. Goldstein for Appellant.

John F. Bender and Gizella M. Allen for Respondent.

HANSON, J. pro tem.— ██   The only question presented by this appeal is whether the holder of a tax deed based on the foreclosure of a street bond assessment is entitled to parity and equality with the holder of a tax deed which was based on a tax lien levied in a subsequent year.   The solution of the problem turns upon the meaning of the language of Revenue and Taxation Code, section 3900,[1] which places certain tax

[1]Section 3900 of the Revenue and Taxation Code reads as follows: ". . . It is hereby declared to be the policy of the State and the intent of the provisions in this code contained, that the final tax deed or deeds of all taxing agencies, . . . that annually levy, assess and collect taxes or assessments upon real property within the State, should be and they are hereby declared to be upon a parity with each other, and that regardless of when the levy of such taxes or assessments is or has been made, and regardless of when the final tax deed or assessment deed is or has been taken by such taxing agency, that the rights of all taxing agencies and all such deeds shall be equal and upon a parity with each other."

and assessment liens, along with tax deeds issued pursuant thereto, on a parity and equality with certain other liens and tax deeds.

At the time the two tax deeds here involved were issued the rule was well established that all coexisting tax liens on a property or tax deeds based thereon were on a parity and equality with one another by virtue of the code section just mentioned. We are now asked to hold that the section applies not only to coexisting liens or deeds made pursuant thereto, but to all tax liens against a property, regardless of when they became liens on the property.

In the case before us appellant derived his title through a tax deed that was issued to his predecessor in title as a consequence of the nonpayment of an assessment bond lien levied against the vacant lot here involved. The original assessment against the lot became a lien thereon, by virtue of proceedings had under the Improvement Act of 1911, sometime prior to September 22, 1928, at which time appellant's predecessor acquired a city treasurer's tax deed thereto. At the time appellant's predecessor received his title, there were no liens or encumbrances of any kind or character against the lot. There being no existing liens or tax deeds outstanding against it, it is manifest that the rule of parity and equality with respect to future liens or future tax deeds based thereon is not involved and has no application unless the statute provides otherwise. (*Conley* v. *Hawley*, 2 Cal.2d 23 [25 P.2d 855, 38 P.2d 408].) While it is true, as appellant argues, that his predecessor could have delayed invoking the procedure that was taken by him and that led to his tax deed, and thereby have placed himself on a parity with the general tax when it was levied the following year he, nevertheless, voluntarily failed to do so. Moreover, it is evident that if appellant's predecessor had not taken the action he did the then owner of the property would have continued to have a right of redemption and might have redeemed from him and thus left him with no interest whatever in the realty. Accordingly, if appellant's predecessor desired, as he evidently did, to procure title to the lot as soon as possible rather than to enable the owner to redeem, he exercised a choice that was given to him under the law. As owner of the delinquent street bond he was entitled to hold it unforeclosed and permit interest thereon along with penalties to pile up in his favor and gamble on the possibility of a redemption or, if he chose, procure title, if he valued the property highly, and thus cut off all redemption

rights by the owner. He chose the latter alternative. To contend, as appellant in effect does, that he should be permitted under the circumstances to gamble on receiving back his investment with interest and penalties years and years later, just because he claims through a tax title, it seems to us does not make sense.

That a title acquired through tax lien proceedings at a time when the property was not subject to other tax liens or deeds based thereon becomes subject and inferior to later tax liens or tax deeds based thereon, without any right to a claim of equality or parity is the holding of our Supreme Court in *Conley* v. *Hawley,* 2 Cal.2d 23 [25 P.2d 855, 38 P.2d 408]. The case distinguishes *La Mesa etc. Irr. Dist.* v. *Hornbeck,* 216 Cal. 730 [17 P.2d 143], and *Neary* v. *Peterson,* 1 Cal.2d 703 [37 P.2d 82], the basic principles of which are the basis for the holdings in *Monheit* v. *Cigna,* 28 Cal.2d 19 [168 P.2d 965, 167 A.L.R. 995], and *Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610 [197 P.2d 537], which are so heavily relied upon by appellant. Appellant's contention that the latter two cases support his position is accordingly without merit. The cases just mentioned involved coexisting liens or tax deeds based on coexisting liens, and hence the somewhat sweeping language found in those opinions must be read with the facts thereof in mind.

For the reasons indicated the judgment must be and it is affirmed. The appeal from the order denying a new trial is dismissed.

White, P. J., and Doran, J., concurred.