[L. A. No. 6397.   Department One.—April 18, 1921.]

MARY ELLA READ, Executrix, etc., Appellant, **v.** PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

[1] APPEAL—ORDER GRANTING NEW TRIAL—INSUFFICIENCY OF EVIDENCE —WHEN NOT REVIEWABLE.—Under section 657 of the Code of Civil Procedure, as amended in 1919, on an appeal from an order granting a new trial the court is precluded from considering whether or not the evidence is sufficient to sustain the verdict, where the order does not specify that it was granted upon that ground, unless it is insufficient in law and without conflict on any material point; but where the order is general in terms if the appellate court finds any other ground upon which the motion might have been granted, the order will be affirmed.

[2] NEGLIGENCE—DOCTRINE OF LAST CLEAR CHANCE.—The substance of the doctrine of "the last clear chance," as applied to actions of damages for death through negligence, is that although it appears that the contributory negligence of the decedent was one of the proximate causes of his death, yet if the defendant's agents having charge of the instrumentality which caused the death perceived that the decedent, by his own negligence, had placed himself in a position of peril from which he probably could not escape, and after perceiving his perilous position failed to exercise ordinary care and prudence to avoid injuring the decedent and such neglect was also a proximate cause of his death, the plaintiff cannot recover.

[3] ID.—WHEN DOCTRINE INAPPLICABLE.—In this action for damages for death alleged to have been caused by negligence it is held that the doctrine of "the last clear chance," under the evidence, does not apply and that the trial court was justified in granting a new trial upon this ground.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Clark and Rupert B. Turnbull for Appellant.

Frank Karr, R. C. Gortner and E. E. Morris for Respondent.

---

3.  Concurrent negligence of plaintiff as defeating recovery under doctrine of last clear chance, note, Ann. Cas. 1912B, 888.

SHAW, J.—This is an action by the executrix of the estate of George Gilbert Read, deceased, to recover damages on account of his death, which, so it is alleged, was caused by the negligence of the defendant. The cause was tried by a jury and a verdict was given in favor of the plaintiff, upon which judgment was duly entered. Thereupon, on motion of the defendant, the court ordered a new trial. The plaintiff appeals from the order granting said motion. The notice of intention to move for a new trial stated, among other things, that it would be made upon the ground that the evidence was insufficient to justify the verdict; that the verdict was against law, and that errors were made by the court in its rulings at the trial. The order granting a new trial was general in terms. It was made in December, 1919, and it did not specify any particular ground as the basis upon which it was made.

The last clause of section 657 of the Code of Civil Procedure as amended in 1919, which took effect on July 22, 1919, provides that, "When a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground." (Stats. 1919, p. 142.) **[1]** Because of this provision, the rule stated in *Kauffman* v. *Maier*, 94 Cal. 277, [29 Pac. 481], and other cases following it, applies, and we are precluded from considering whether or not the evidence is sufficient to sustain the verdict, unless it is insufficient in law and without conflict on any material point. Under the doctrine of that case, however, if we find any other ground upon which the motion might have been granted, the order should be affirmed.

It appears that the court gave the jury an instruction upon what is known as the doctrine of "the last clear chance." **[2]** The substance of the doctrine as applied to such cases is that although it appears that the contributory negligence of the decedent was one of the proximate causes of his death, yet if the defendant's agents having charge of the instrumentality which caused the death perceived that the decedent, by his own negligence, had placed himself in a position of peril from which he probably could not escape, and after perceiving his perilous position failed to exercise ordinary care and prudence to avoid injuring the decedent

and such neglect was also a proximate cause of his death, the plaintiff could recover. From an examination of the evidence on the subject we are satisfied that there was no evidence in the case which would justify the giving of an instruction upon this point. The death of the decedent was caused by a collision between a street-car operated by the defendant upon its railroad tracks on Santa Monica Avenue where the same crosses Vermont Avenue in the city of Los Angeles. The decedent was approaching said crossing on Vermont Avenue in an automobile. The plaintiff contends that the car was approaching the crossing at a speed of from thirty to fifty miles an hour. There is some evidence to support this contention. A city ordinance, in force at the time, prohibited a street-car from crossing an intersecting street at a speed greater than twenty miles an hour. The excessive speed was, therefore, negligence upon the part of the defendant. The uncontradicted testimony, and the only testimony on the subject, is that the motorman operating the defendant's car observed the decedent driving the automobile toward the crossing; that when the decedent reached a point sixty feet from the track he could have seen the car approaching the crossing if he had taken the trouble to look; that the motorman supposed that decedent intended to stop before reaching the track or to turn down Santa Monica Avenue, and did not perceive that the decedent intended to cross the track ahead of the car until the car reached the curb of Vermont Avenue, which point was forty feet distant from the place of the collision, which occurred at the intersection of the two streets. Under the doctrine of the last clear chance, when the motorman thus perceived that the decedent would probably endeavor to cross in front of him instead of turning to the right down Santa Monica Avenue, it became his duty immediately to do all that he could, under the circumstances, to avoid a collision. The evidence of the defendant's witnesses, including the motorman and several of the passengers, was to the effect that the moment he perceived this intention on the part of the decedent the motorman put on the emergency air-brakes to stop the car; that a light rain had just began to fall, so that the rails were wet, and that the immediate result was that the wheels locked and the car skidded for some 250 feet before stopping, and that it struck the decedent at the intersection some

forty feet away from the point where the motorman started to apply the brakes. On behalf of the plaintiff there was some testimony of persons observing the collision that the speed of the car did not slacken until after it had struck the automobile. One witness testified that although the car was going from thirty to thirty-five miles an hour, it did not slow up until "about twenty-five feet from where it stopped." This, of course, must have been a mistake. The car weighed thirty-four tons. From this evidence it is argued that the motorman did not set the brake as the witness had testified, and, therefore, that he did not use reasonable diligence to avoid a collision after perceiving the danger of the decedent. It will be perceived that the motorman had less than a second of time up to the moment of the collision in which to apply the brakes and get them into full operation on the car. If the car was going at thirty miles an hour it would traverse a distance of forty-four feet in one second of time. If it were going faster, of course it would go farther in one second. It is obvious that there was no time for the operation of the doctrine of the last clear chance. The forty feet would have been passed before the brakes could have been fully set, so as to check the speed of the car, and the best efforts of the motorman would have been unavailing. **[3]** We think the court was justified in its decision granting the new trial, upon the ground that the evidence did not justify the application of this doctrine to the case. The decedent was clearly guilty of contributory negligence in trying to cross ahead of the street-car; and, therefore, unless the doctrine of the last clear chance applied, the plaintiff could not recover. Hence, the court in its discretion might readily have concluded that the verdict of the jury was based upon that doctrine and that it was rendered because the court instructed them upon that subject.

The order is affirmed.

Olney, J., and Lawlor, J., concurred.