[S. F. No. 12125. Department One.—January 20, 1928.]

MARY CONDON, Respondent, v. GIVANNI ANSALDI, Appellant.

Cooley & Gallagher and Cooley, Crowley & Gallagher for Appellant.

Reisner & Deming for Respondent.

CURTIS, J.—Action to recover damages for injuries which plaintiff alleged she sustained in being knocked down and run over by an automobile owned and driven by defendant. A trial was had before a jury which rendered a verdict in favor of the defendant. ▇ Plaintiff moved for a new trial, which was granted by the court, and the defendant has appealed from this order. It is contended by appellant that the motion for a new trial was granted by the trial court solely on the ground of the supposed error of the court in giving instructions numbered 28 and 29. While there is in the record a statement by the court which would tend to support this contention of appellant, the minute order granting the motion for a new trial contains no such specification, but is simply a general order granting the motion. Under these conditions the minute order must govern, and it must be conclusively presumed to set forth the action taken by the court upon the motion. (*Morgan* v. *Robinson Co.*, 157 Cal. 348 [107 Pac. 695]; *Weisser* v. *Southern Pacific Ry. Co.*, 148 Cal. 426 [7 Ann. Cas. 636, 83 Pac. 439]; *Kent* v. *Williams*, 146 Cal. 3 [79 Pac. 527]; *Ben Lomond Wine Co.* v. *Sladky*, 141 Cal. 619 [75 Pac. 332]; *Power* v. *Fairbanks*, 146 Cal. 611 [80 Pac. 1075]; *Biaggi* v. *Ramont*, 189 Cal. 675 [209 Pac. 892].) As the order appealed from does not specify that it was granted upon the ground of the insufficiency of the evidence to sustain the verdict, it will be presumed that it was not based upon that ground. (Sec. 657, Code Civ. Proc.) The only ground urged by respondent, therefore, which can be considered

by this court in determining the validity of said order, is the alleged error of the trial court in giving certain instructions numbered 20, 21, 28, and 29, which were given the jury at the request of the appellant. We can see no real objection to instructions numbered 20 and 21. ■ In instruction numbered 28, however, the jury were instructed that: "You are to determine the question of negligence without regard to any injury the plaintiff may have sustained." Just what meaning was intended to be conveyed by this instruction is not clear. That it would have the effect of confusing the minds of the jurors we think is quite evident. However, it may have had a more serious and injurious effect upon the jurors than simply confusing them, owing to the evidence in this particular case. The nature of the injuries sustained by the plaintiff in the collision with defendant's automobile might have had an important bearing upon the jury's determination of the defendant's negligence had they been permitted to consider said injuries. Plaintiff sustained a broken leg and other severe wounds as the result of her coming in contact with the automobile. She testified that she was knocked down and run over and her leg broken by the force of defendant's automobile as it was driven at a rapid rate of speed by defendant. On the other hand, the defendant testified that he saw plaintiff "coming at the same time she stopped and she hung herself on the radiator and the machine was stopped right there and the time I started to get off the machine the lady was hanging there with her hands on the radiator cap and she fell right back." While she might have received a broken leg in falling from the machine in the manner described by defendant, yet such a serious injury would have been an unusual result from such slight fall. On the other hand, it is quite a common experience for a victim of an accident who while walking upon a paved street has been knocked down and run over by an automobile to receive a broken limb or even a much more serious injury. Had the jury been permitted to take into consideration the serious nature of plaintiff's injuries, it might have concluded that the plaintiff's rather than the defendant's, version of the accident was the true and correct account of what happened at the time of the collision. In view of the sharp conflict in the evidence respecting the negligence of defendant, the giving

of this instruction in our opinion was prejudicial to the rights of the plaintiff, and justified the judge of the trial court in granting the motion for a new trial. ▮ In this same instruction, as well as in instruction numbered 29, the court told the jury that ''unless the defendant is solely responsible for the occurrence of the accident complained of, your verdict must be for the defendant.'' In *Griffith* v. *Oak Ridge Oil Co.*, 190 Cal. 389, 392 [212 Pac. 913], this court, through Chief Justice Myers, said: ''The law does not require that negligence of the defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor. All that is required in either respect is that the negligence in question shall be a proximate cause of the injury. . . . '' We cannot say but that the plaintiff was prejudiced by the giving of this instruction, as well as that part of the instruction numbered 28 first quoted above. It evidently was the opinion of the trial judge that by the giving of these two instructions the rights of the plaintiff had been seriously prejudiced, and for that reason he granted plaintiff's motion for a new trial. In doing so we think he acted properly.

The order appealed from is affirmed.

Preston, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.