[S. F. No. 12617. In Bank.—November 27, 1928.]

CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent, v. TILLMAN ESTATE COMPANY (a Corporation), Appellant.

Henry C. McPike for Appellant.

John J. O'Toole, City Attorney, and Charles J. McDonnell, Deputy City Attorney, for Respondent.

RICHARDS, J.—■ This appeal is by the defendant from an order of the trial court granting a new trial in an

action instituted by the plaintiff for the condemnation of certain property owned by the defendant and sought to be taken for a public use. The complaint was framed upon the model provided for in section 1244 of the Code of Civil Procedure, which does not require an averment in such complaint as to the value of the property sought to be condemned. The answer of the defendant consisted chiefly in the averment that the property sought to be condemned, and of which the defendant was the owner, was of the value of seventy-five thousand dollars. The cause proceeded to trial upon the issues thus presented. The plaintiff tendered proof in support of the averments of its complaint, and, having done so, rested its case without offering any evidence touching the value of the property sought to be condemned. The defendant's counsel thereupon announced that the defendant also rested. A colloquy then occurred between the court and respective counsel, in the presence of the jury, upon the question as to which of the parties the affirmative issue as to the value of the property was imposed upon by law, the defendant insisting that under the constitution the affirmative of that issue was laid upon the party seeking to condemn, and the plaintiff insisting that under the authorities the affirmative of that issue was to be borne by the owner of the property. The court consistently, repeatedly and correctly ruled that the affirmative of that issue was upon the defendant, and insisted that the defendant should proceed with the production of its witnesses as to value, calling the attention of counsel for the defendant to cases wherein the rule in California touching that subject had been laid down. That the trial court was correct in so holding is fully supported by these authorities: *California Street R. R. Co.* v. *Southern Pac. R. R. Co.*, 67 Cal. 63 [7 Pac. 123]; *Monterey County* v. *Cushing*, 83 Cal. 509 [23 Pac. 700]; *San Diego* v. *Neale*, 88 Cal. 50 [11 L. R. A. 604, 25 Pac. 977]; *Reed Orchard Co.* v. *Superior Court etc.*, 19 Cal. App. 648 [128 Pac. 9, 18]; *Los Angeles High School District* v. *Schumann*, 78 Cal. App. 353 [248 Pac. 737]. While this colloquy was in progress the plaintiff's counsel indicated his willingness, in order to be fair with both parties, to call his witnesses, who were then present in court, in rebuttal upon the issue of value, and the trial court, in permitting plaintiff's counsel so to do, stated to counsel for the defendant:

"You have offered no evidence, gentlemen. The burden is on you to show the value of this property. The plaintiff rested his case in chief, you offered no evidence. Now, he is calling this witness in rebuttal, unless you call evidence now. Unless you can show me to the contrary, I would hold you have submitted your case." A further argument ensued in the presence of the jury, at the conclusion of which the trial court, while still declaring that it was "in conscience and duty bound to follow the decisions of the supreme court," apparently reserved its ruling as to whether the defendant would be permitted to offer evidence at the close of the plaintiff's reopened case; and in this state of the record the plaintiff proceeded with its proofs as to value, and when its witnesses had been called and testified again rested its case; whereupon the defendant began calling its witnesses as to value, to which plaintiff's counsel objected upon the ground that the defendant, having closed its case without presenting any evidence as to the value of the property sought to be condemned, was not now entitled to proffer such proof. The trial court, however, over this objection on the part of the plaintiff, permitted the defendant to proceed with the production of all of his evidence upon the issue of value; but toward the close of the defendant's evidence upon that subject the court said to the defendant's counsel that it was not satisfied with its ruling, the result of which had been a reversal of the regular order of trial in such cases, and when the testimony was closed, and after argument, proceeded to instruct the jury that "In California the burden of proof as to the value of land sought to be taken by eminent domain is on the defendant." The jury retired and presently brought in a verdict in favor of the plaintiff upon its right to condemn the property in question, but fixing, awarding and assessing the value of such property at the sum of fifty thousand dollars as compensation to the defendant for the taking thereof for the public use. The judgment of the trial court followed the verdict of the jury; whereupon the plaintiff gave notice of intention to move for a new trial upon all the statutory grounds, upon the hearing and submission of which motion the trial court made a general order "that said motion be granted"; whereupon the defendant took and is now prosecuting this appeal.

It is the contention of the appellant that the order

of the trial court being general, it will not be presumed that such order was based upon the ground of insufficiency of the evidence to sustain the verdict of the jury. There can be no doubt of the correctness of the appellant's contention in that regard. (Code Civ. Proc., sec. 657.)

It is the further contention of the appellant that, no errors of law having been committed by the trial court during the trial of said action, and there being no other ground urged by the plaintiff in support of its motion for a new trial, the granting of the motion by the trial court was an abuse of its discretion and reversible error. In response to this contention the respondent urges two alleged errors of law justifying the trial court in granting the motion for a new trial. The first of these consisted in the alleged error of the trial court in permitting a reversal of the order of proof upon the question of the value of the property sought to be condemned. Respondent insists that the trial court compelled it, over its objection, to proceed with the calling of its witnesses as to value as a part of its main case and after the defendant had proffered no evidence upon that issue. The record does not sustain the respondent in making this particular contention, since it appears that, notwithstanding the repeated rulings of the trial court in its favor, it voluntarily proceeded to call its witnesses as to value. The error of the trial court, if any, did not occur at this stage of the trial, nor was its action in granting the plaintiff's motion for a new trial based upon any such error. The action of the trial court, however, which gave it concern and which doubtless produced its conclusion that the motion for new trial ought to be granted was that wherein it permitted the defendant at the close of the plaintiff's reopened case to introduce the entire body of its evidence upon the question of value, and by so doing to reverse the regular order of proof in condemnation cases upon that issue. The trial court, realizing that such had been the effect of its ruling permitting the defendant to thus present its proof, attempted to correct what it deemed to be its error by an instruction to the jury, above quoted, to the effect that the burden of proving the value of the land was on the defendant. It seems probable, however, that the trial court, upon a further consideration of this matter upon the motion for

new trial, concluded that its aforesaid instruction had not entirely effaced the effect of its former error.

The question before us in this case is not primarily as to whether appreciable injury resulted from the departure, during the trial, from the well-defined rule governing the order of proof of property values in condemnation cases. Such departure having occurred, and having been realized by the trial court to have been a fundamental error, it was primarily its right and duty, with the parties, the witnesses and the state of the case before it, to exercise its judgment and discretion in determining whether such error of procedure was sufficiently prejudicial to justify it granting a new trial. ██ With the very large discretion with which trial courts are invested in such cases this court ought not to interfere except in cases showing a plain abuse of such discretion. The question here is rather one of principle applicable generally to condemnation cases, viz., as to whether the rule regulating the order of proof in such cases, which we must assume to be well founded, may be violated by trial courts, and whether such violation shall be sanctioned upon appeal whenever, in the individual case, the appellate tribunal may reach the conclusion, contrary to the view and ruling of the trial court, that no appreciable damage has resulted from the breach of the rule. The question thus resolves itself into one of principle applicable to all condemnation cases and requiring the observance of the aforesaid order of proof, regardless of whether or not injury to either of the parties would result from a failure or refusal on the part of the trial court to enforce the well-founded rule in that regard.

██ Respondent makes the further contention in support of said order that the trial court was in error in permitting a witness for the defendant, who resided and had a real estate office in the vicinity of the property sought to be condemned, to give testimony in detail with regard to sales of other property in the same region, as well as to the witness' ownership of property in the immediate vicinity of that sought to be condemned. It is to be noted, however, that counsel for the defendant in no instance sought testimony from said witness with reference to prices paid for property, to the sales of which she had testified, nor to the price or value set by her upon her own holdings. The case, there-

fore, does not come within the decision of this court in the earlier case of *Central Pac. R. Co.* v. *Pearson,* 35 Cal. 262, nor of the later cases cited by the respondent which have followed that decision; but, on the other hand, comes fully within the decision of this court in the case of *Estate of Ross,* 171 Cal. 66 [151 Pac. 1138], and which latter decision was closely followed by the examination of counsel and the rulings of the court in the instant case. In holding, therefore, that the trial court committed no error in the foregoing regard, we are doing so for the purpose of its guidance in the admission of evidence as to value upon the retrial of the cause.

The order is affirmed.

Shenk, J., Waste, C. J., and Langdon, J., concurred.

SEAWELL, J., Dissenting.—I dissent. No reversible error having been committed at the trial, I can see no good reason for a second trial of the cause because of an irregularity committed as to the order of proof on the value of the property sought to be condemned. It could not have prejudiced either side. The court removed every possible ground of injury—if any existed—by its instructions. There can be no room to doubt the correctness of the trial court's view, which was not observed, as to the order of proof in fixing the value of the property sought to be taken or the damages done to property by reason of its taking or severance in condemnation proceedings. This burden is upon the owner of the property sought to be taken. It is his duty to offer the proof upon the close of the plaintiff's case showing the necessity for the taking, etc. It then becomes the right of the plaintiff to rebut the evidence offered by defendant, as the owner of the property, on the issues of value and damage. The rule has never been otherwise. However, in this case no damage appears to have resulted because of a reversal of the order of proof.

Curtis, J., and Preston, J., concurred.

Hearing in Bank denied.

Seawell, J., Curtis, J., and Preston, J., dissented.