[Civ. No. 8760. Second Appellate District, Division One.—January 24, 1935.]

LUCILLE JOHNSON, a Minor, etc., Respondent, v. J. E. GRAY et al., Appellants.

Lasher B. Gallagher for Appellants.

Sylas S. Meyer and C. F. Jorz for Respondent.

ROTH, J., *pro tem.*—This is an appeal from an order granting a motion for new trial, the motion having been made on all statutory grounds.

The minute entry of the order appealed from reads: "Plaintiff's motion for a new trial having been heretofore heard and submitted, it is now ordered that the said motion for new trial be granted on affidavit filed of Mrs. H. Ballou, Jury Foreman."

It has long been settled in this state that the affidavit or affidavits of a member or members of a trial jury cannot be used to impeach the verdict of the jury. (*Saltzman* v. *Sunset Tel. etc. Co.*, 125 Cal. 501 [58 Pac. 169].) The only exception to this rule is that provided by statute applicable to a situation where the verdict of the jury has been left for determination to chance. (Subd. 2, sec. 657, Code Civ. Proc.) Nothing in the affidavit referred to indicates or suggests that there was any resort to chance by the jury or any members thereof.

Further, it has been consistently held that, unless the order granting a motion for new trial specifies insufficiency of the evidence as one of the grounds upon which it is based, it will be presumed on appeal that it was not based upon insufficiency of the evidence. (Subd. 7, sec. 657, Code Civ. Proc.; *San Francisco* v. *Tillman Estate Co.*, 205 Cal. 651 [272 Pac. 585].)

■ Respondent concedes these rules. No contention is made that the verdict in the instant case was left for determination to some game of chance. Respondent's sole point is that the order means that the retrial was granted on the ground that the verdict is against the law. It is significant, however, that the respondent *points out no error of law*. The entire argument on this point is predicated on the alleged misunderstanding of the jury as to what the law was, as set forth in the affidavit referred to in the order.

That the jurors did not understand the instructions of the court, or what they might have done had they understood, is of itself no ground for review, and we know of no method of curing a misunderstanding such as described in the juror's affidavit, unless it be that the evidence is insufficient to sustain the verdict. Any other construction would leave a verdict of a jury. without a semblance of stability. It is conceivable that a jury misunderstanding the tenor of a set of instructions or of a single instruction would bring in a proper verdict, and the converse is also clearly within the realm of probability. We have been cited to no authority which justifies setting a verdict aside for either reason, and we know of none.

The important question is, did the trial court, when it granted the order, believe that the verdict was against the law, and did it say so in the order expressly or by implication?

The court unquestionably felt that a new trial should be granted, otherwise the order would not have been made. Conceding for the purposes of this case that the language of the order may be disregarded and treated as surplusage, a situation would be presented in which an order granting a new trial is made, no reasons being specified, which order would be upheld, if it could be sustained upon any statutory ground which had been urged, except that of insufficiency of the evidence which must be specified. Treated in this manner, the order in question may be said to have been based on errors of law. No errors of law, however, are pointed out. There is no contention that the jury was erroneously instructed. On the contrary, it is conceded that the jury was correctly instructed, but misunderstood or misinterpreted the instructions. Appellants in their brief review all the rulings of the trial court and we are satisfied

that such rulings were substantially correct. We assume that respondent is of the same opinion, since none of said rulings are attacked, and no others called to our attention. Conceding, therefore, that the order by implication meant to say that the verdict was against the law, it cannot be sustained since no errors of law have been shown. If the trial court at the time the order was made was convinced that a new trial should be granted because of the insufficiency of the evidence to sustain the verdict, then the court should have said so in the order. The order, however, does not say so, and under the law we cannot presume that it was granted on that ground.

The order is reversed.

Conrey, P. J., and York, J., concurred.