[Civ. No. 10326.   Second Appellate District, Division Two.—August 8, 1935.]

G. BERKOWITZ, Respondent, v. HYMAN BEN WOLF-BERG et al., Appellants.

706

Bordon & Bordon for Appellants.

Eugene L. Wolver for Respondent.

CRAIL, J.—This is an action to recover damages for personal injuries sustained by the plaintiff in a fall while walking on the sidewalk adjacent to the place of business operated by the defendants. Cooking oil belonging to the defendants escaped out of containers and covered a large portion of said sidewalk and the plaintiff slipped and was injured while attempting to walk over the same. On the twenty-seventh day of August, 1934, the court sitting without a jury, having heard the evidence, found that the defendants were not in any way negligent and entered judgment accordingly.

Thereafter the plaintiff moved the court to vacate the judgment and to grant a new trial. On the 19th of October, 1934, this motion came on to be heard. After hearing said motion the court made the following minute order: "By the Court: The only question that I will consider on these motions for a new trial and to vacate the judgment, is the Sixth ground, and no other ground, to-wit: the insufficiency of the evidence to justify the judgment. . . . " On the fifteenth day of November, 1934, the court made the following additional or supplemental minute order on said motions: "The plaintiff's motion for a new trial heretofore submitted, is granted to the following extent only, to-wit: The judgment entered on the 24th day of September, 1934, is hereby vacated and set aside in the whole, but the Findings of Fact are retained, and this court now orders that a new and different judgment be entered thereon in favor of the plaintiff and for the sum of Seven Hundred Fifty ($750.00) Dollars, attorneys requested to prepare findings and judgment." On the fifth day of December, 1934, the trial court signed and filed its formal order vacating its prior order for a new trial and its amended findings of fact and conclusions of law in which it set forth that the above order with regard to granting a new trial was limited to the setting aside of some of the findings of fact upon the ground that the evidence was insufficient to sustain them and making new findings in lieu thereof upon the same evidence and it further set forth that the court *inadvertently* omitted to eliminate the finding that the defendants were free from negligence. It further set forth that the defendants were guilty of negligence as set forth in the complaint to the plaintiff's damage in the sum of $750, and ordered the same to be filed *nunc pro tunc* as of the fifteenth day of November, 1934. On the sixth day of December, 1934, a modified judgment was signed and filed giving judgment to the plaintiff and against the defendants for $750. On December 31, 1934, defendant filed notice of appeal from this final judgment. The defendants also appealed "from the minute order vacating the judgment and granting a new trial". But the record which is before us fails to show when the notice of appeal was filed.

It is the first contention of the defendants that the plaintiff was guilty of contributory negligence as a matter of law. The question whether one is guilty or not guilty of

negligence is ordinarily a question of fact and not of law. Under the circumstances and evidence in this case we would not be justified in holding that the plaintiff was guilty of negligence as a matter of law.

It is the defendants' next contention that "the order of the trial court granting a new trial is a legal nullity" for the reason that the court expressly ruled out of its consideration all of the grounds excepting the question of the sufficiency of the evidence to sustain the verdict, but that the court did not expressly specify in its order that the order was granted upon the ground of the insufficiency of the evidence and that section 657 of the Code of Civil Procedure requires such specification, "otherwise, on appeal from such order it will be presumed that the order was not based upon that ground". We see no merit in this contention for the reason that it is clear and obvious from the minute orders of the court that the order of the court was made upon the ground of insufficiency of the evidence and for the further reason that in spite of the rather involved language used in the minute orders, it is clear that the court did not in fact grant a new trial, but in lieu thereof, merely vacated and set aside its earlier judgment, retaining in part the findings of fact, with directions to the attorneys for the plaintiff to prepare new findings and judgment.

It is the defendants' next contention that "in clear and unequivocal language, the court's findings that the appellants (defendants) exercised due care and were without fault in the matters charged by respondent (plaintiff) were retained and in effect reaffirmed by the minute order", and therefore the findings so ordered retained did not support a judgment for the plaintiff. The minute orders of the court have been set out in full above and it cannot be said that "in clear and unequivocal language" the court retained the findings which were favorable to the defendants. On the contrary, the court directly ordered the attorneys for the plaintiff to prepare findings and judgment. It was for the very purpose of clearing up this obvious contradiction and equivocation in its minutes that the court directed its judgment of December 5, 1934, to be entered *nunc pro tunc* as of November 15, 1934. It directly stated therein that the minute order was inadvertently made. It was unnecessary for the court to state that the minute order failed to speak the truth

because it was obvious from an inspection of the minute order itself that it failed to speak the truth and failed to express the intention of the court.

Finally, it is the contention of the defendants that "the trial court was divested of jurisdiction to render a modified judgment during the pendency of the appeal from its orders vacating the judgment and granting a new trial, and therefore the modified judgment is void". In this connection it has already been pointed out that the record is devoid of any showing that an appeal was perfected prior to the entry of the modified judgment. The defendants should remember that it is not the duty of this court to search for opportunities to reverse the judgment of the trial court, but that on the other hand, the orders of the trial court are entitled to all presumptions in favor of their regularity.

Judgment and order appealed from are affirmed.

Fricke, J., *pro tem.*, and Stephens, P. J., concurred.