SCHAUER, J.
 

 This case was tried before the court without a jury, judgment was rendered for the plaintiff, and defendant moved for a new trial on the grounds that “1. That the evidence is insufficient to justify the decision and that the decision is against the law;
 

 “2.
 
 Errors in law occurring at the trial.”
 

 Upon such motion the trial court ordered “that a new trial be and hereby is granted on the defendant’s motion” without further specification of grounds therefor. Examination of the record before us discloses that there was a substantial conflict in the evidence before the trial court and therefore such order finds legal support on the ground (if we may consider it) that the evidence is insufficient to justify the decision.
 
 (Newman
 
 v.
 
 Overland Pac. Ry. Co.,
 
 (1901) 132 Cal. 73, 74 [64 Pac. 110];
 
 Springer
 
 v.
 
 Pacific Fruit Exchange,
 
 (1928) 92 Cal. App. 732, 735 [268 Pac. 951];
 
 *Supp. 764
 

 Lombard
 
 v.
 
 Swall,
 
 (1934) 2 Cal. App. (2d) 59, 63 [37 Pac. (2d) 696].) But our attention is directed to the concluding paragraph of section 657 of the Code of Civil Procedure, reading, “When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order it will be presumed that the order was not based upon that ground”; and on behalf of appellant it is argued that since the order appealed from does not specify that it was granted on the ground of insufficiency of the evidence we are bound to presume that it was not based thereon.
 

 We hold, on the contrary, that we are bound to presume «-hat such order
 
 was
 
 based on the ground of insufficiency of the evidence and hence that it must be affirmed; we have reached such conclusion for the following reasons:
 

 1. The concluding paragraph of said section 657 by its terms provides only for the case where the new trial is granted upon the ground of the insufficiency of the evidence to sustain the
 
 verdict;
 
 it makes no reference to a case tried by the court without a jury where the motion is granted on the ground of insufficiency of the evidence to sustain a
 
 finding.
 

 2. Various sections in part 2, title 8, chapter 7, article II, of the Code of Civil Procedure, within which division wo find said section 657, distinguish unmistakably between trials by a jury, which are resolved by verdict, and trials by the court without a jury, which are determined by the court’s findings of fact and conclusions of law, sometimes termed the decision.
 

 In this respect said section 657 itself recognizes the distinction ; it reads: “The
 
 verdict
 
 may be vacated and
 
 any other decision
 
 may be modified or vacated, . . . and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . .
 

 “6. [The precise subdivision here involved.]
 
 Insufficient evidence.
 
 Insufficiency of the evidence to justify the
 
 verdict
 
 or
 
 other decision,
 
 or that it is against law.” (Emphasis added.)
 

 Following the above-quoted language, we find that the concluding paragraph of that section declares the presumption,
 
 *Supp. 765
 
 hereinabove referred to, that an order granting a new trial is not based “upon the ground of the insufficiency of the evidence to sustain the verdict ’ ’ unless such order so specifies; in view of the prior reference to “the verdict or other decision” the absence here of the words “or other decision” is significant.
 

 3. It was in the year 1919 that the presumption now under discussion was added to section 657 (Stats. 1919, p. 141). Prior to 1919, the courts uniformly held that an order granting a new trial which did not of itself specify the grounds on which it was founded, would be deemed based on any tenable ground predicated in the notice of motion; “and when this [insufficiency of the evidence] is made one of the grounds of the motion, although other grounds are also presented, if the order does not by direct language exclude this from the grounds upon which the motion is granted, it will be assumed that it w7as one of the grounds for making the order, and the order will accordingly be affirmed. This rule rests upon the proposition that error is to be affirmatively shown and will not be presumed; that if the order is in general terms, and can be sustained upon any of the grounds presented therefor, it will be assumed here, in its support, that it was made upon that ground.”
 
 (Newman
 
 v.
 
 Overland Pac. Ry. Co.,
 
 (1901)
 
 supra,
 
 132 Cal. 73, 74, 75; see, also,
 
 Rahmel
 
 v.
 
 Rost,
 
 (1918) 178 Cal. 15, 16 [171 Pac. 1068].) The rule is still the same except only as it has been modified by the amendment of 1919 to said section 657 of the Code of Civil Procedure.
 
 (Tasker
 
 v.
 
 Cochrane,
 
 (1928) 94 Cal. App. 361, 363 [271 Pac. 503];
 
 Petroff
 
 v.
 
 Nunes,
 
 (1934) 136 Cal. App. 416, 423 [29 Pac. (2d) 293];
 
 Lucerne Country Club
 
 v.
 
 Beal,
 
 (1937) 21 Cal. App. (2d) 121, 124 [68 Pac. (2d) 408].) As we have heretofore suggested, the amendment of 1919 by its terms creates the requirement for specification of the ground in the order only where such ground is ‘ ‘ insufficiency of the evidence to sustain the verdict” and does not purport to make a similar statutory modification of the law applicable to an order based on insufficiency of the evidence to sustain the “decision”, which is specifically mentioned, separately and distinctly from “verdict”, in subdivision 6 of said section. The maxim
 
 “expressio unius est exclusio alterius”
 
 is applicable here. “The expression of one thing is exclusive when it is creative, or in derogation of some existing law.” (23 Cal. Jur. 740; 2 Lewis Sutherland’s Statutory Construe
 
 *Supp. 766
 
 tion, sec. 491;
 
 San Joaquin etc. Irr. Co.
 
 v.
 
 Stevinson,
 
 (1912) 164 Cal. 221, 234 [128 Pac. 924].)
 

 While there are decisions (see
 
 Berkowitz
 
 v.
 
 Wolfberg,
 
 (1935) 5 Cal. App. (2d) 705 [48 Pac. (2d) 723];
 
 Lucerne Country Club
 
 v.
 
 Beal,
 
 (1937)
 
 supra,
 
 21 Cal. App. (2d) 121), in which it has apparently been assumed that the amendment of 1919 to section 657 affected orders granting a new trial on the ground of insufficiency of the evidence to sustain the
 
 decision,
 
 in none of the cases which have come to our attention has the question to which our consideration is directed been discussed. We therefore do not regard those eases as adjudicating the proposition of law which we have determined.
 

 Appellant also complains of the fact that in the order granting defendant’s motion for a new trial the court included a purported amendment to its findings of fact. Such amendment, if effective at all, would introduce an ambiguity or conflict in the findings as by it the court attempted to sustain an affirmative defense which if covered at all by the general findings appears to have been negatived therein. Had the judgment been changed in harmony with such attempted new finding, it might have been argued that in spite of the general language of the order granting a new trial the court had intended, and perhaps accomplished, an amendment of its decision and judgment, and, thereupon, a denial of the motion for a new trial. (See
 
 Garcia
 
 v.
 
 Bechtol,
 
 (1933) 134 Cal. App. 615 [25 Pac. (2d) 987];
 
 Bureau of Welfare
 
 v.
 
 Drapeau,
 
 (1937) 21 Cal. App. (2d) 138 [68 Pac. (2d) 998].) The record before us, however, is unmistakable: the judgment was vacated “in whole” and a new trial was granted. The effect of a general order granting a new trial is to “ place the parties in the position they held before any trial had been had”
 
 (Kent
 
 v.
 
 Williams,
 
 (1905) 146 Cal. 3, 7 [79 Pac. 527];
 
 Bloomquist
 
 v.
 
 Haley,
 
 (1928) 204 Cal. 258, 261 [268 Pac. 364];
 
 Mitchell
 
 v.
 
 Rasey,
 
 (1934) 139 Cal. App. 350, 353 [33 Pac. (2d) 1056]); the attempted amendment to the findings of fact is therefore futile and incapable of prejudicing appellant.
 

 The order appealed from is affirmed, respondent to recover its costs on appeal.
 

 Shaw, P. J., and Bishop, J., concurred.