[Civ. No. 11276.   First Appellate District, Division One.—December 30, 1940.]

ROBERT BAYLEY et al., Respondents, v. GEORGE A. SOUZA, Appellant.

Hoge, Pelton & Gunther and A. Dal Thomson for Appellant.

O'Brien, Dibert & Acton and Arthur F. Edwards, Jr., for Respondents.

PETERS, P. J.—Defendant Souza appeals from an order of the trial court granting plaintiffs' motion for a new trial after a verdict and judgment in favor of defendant Souza. The sole question necessary to be decided on this appeal is whether the motion was granted on the ground of insufficiency of the evidence to justify the verdict. If so, the appeal is without merit.

Robert Bayley and his wife Florence Bayley brought this action, for damages sustained in an automobile accident, against Ethel Ewing, Audrey Wheeler (now Audrey Bates), and appellant Souza. A verdict was returned in favor of defendant Souza, and in favor of plaintiffs against Ethel Ewing and Audrey Bates in the sum of $1500. These two last mentioned defendants moved for a new trial, and plaintiffs moved for a new trial against all defendants. In plaintiffs' notice of intention to move for a new trial one of the grounds specified was "insufficiency of the evidence to justify the verdict". Upon the hearing of the motions the trial court ordered that "the motion for a new trial be granted as to defendants Ethel Ewing and Audrey Bates, and the motion for new trial as to defendant George A. Souza be continued" to a later date. Several days later plaintiffs' motion for a new trial against Souza was granted, the order reading in part as follows: "It is ordered by the Court that plaintiffs' motion for new trial as to defendant. George A. Souza be and the same is hereby granted on all issues".

In his opening brief appellant proceeds upon the assumption that the motion for a new trial was granted solely because the trial court concluded that a certain statement, pre-

sumably inconsistent, as appellant contends, with other evidence of an impeaching character, had been erroneously admitted into evidence. Appellant argues that such evidence was admissible; that the motion for a new trial should have been denied, and that the order of the court should now be reversed. Respondents ignore this point, and argue that under the phraseology of the ruling of the trial court upon the motion, insufficiency of the evidence was the ground or included within the grounds upon which the motion was granted. It will not be necessary to consider the question of the admissibility of the evidence referred to by appellant. The respondents did not object to the admission of the evidence during the trial and are therefore precluded from doing so on appeal. (*Estate of Russell,* 189 Cal. 759 [210 Pac. 249] ; *Supreme Grand Lodge, etc.,* v. *Smith,* 7 Cal. (2d) 510 [61 Pac. (2d) 449] ; 46 C. J., p. 129, sec. 84; p. 131, sec. 85.) The objection was interposed by some of the defendants who are not parties to this appeal.

Respondents do not argue that any error of law occurred during the trial, but depend solely upon the contention that the order above quoted was based upon insufficiency of the evidence. Code of Civil Procedure, section 657, enumerates the grounds for granting a new trial on all or part of the issues. Subdivision 6 thereof, as it read at the period applicable to this case specified insufficiency of the evidence to justify the verdict. The section also provided: ''When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order it will be presumed that the order was not based upon that ground''. Prior to an amendment making the presumption conclusive (Stats. 1939, chap. 713, p. 2234), which amendment became effective after the entry of the order here appealed from, the section simply provided that in the absence of the designation of the ground of insufficiency of the evidence it would be presumed that the order was not based upon that ground.

The limitation contained in the section requiring a specification where a new trial is granted on insufficiency of the evidence, prior to the 1939 amendment, *supra,* only applied to orders granting a motion for a new trial after a verdict by a jury, and did not require such specification in an order

granting a new trial after a decision by the court. (*Gruben* v. *Leebrick & Fisher, Inc.*, 32 Cal. App. (2d) (Supp.) 762 [84 Pac. (2d) 1078].) Prior to 1919 the section did not require the trial court to specify insufficiency of the evidence in its order granting a new trial after a jury verdict. The quoted provision of the statute requiring such specification was added in that year (Stats. 1919, p. 141). Under the 1919 amendment the cases have established the construction that it is not necessary for the trial court to use the exact language contained in section 657 of the Code of Civil Procedure—that if the language used in granting the motion for a new trial after a jury verdict is susceptible of the reasonable interpretation that the trial court intended to include insufficiency of the evidence, it must be so interpreted. (*Secreto* v. *Carlander*, 35 Cal. App. (2d) 361, 363 [95 Pac. (2d) 476] ; *Lewis* v. *Southern California Edison Co.*, 116 Cal. App. 44 [2 Pac. (2d) 419].) The only question presented, therefore, is whether the language "on all issues" can be reasonably interpreted to include insufficiency of the evidence.

Many cases have considered the question as to whether the particular language there used could be interpreted as including insufficiency of the evidence. ██ It is well-settled that when the order provides simply that a new trial is granted, such order is a general one and does not include insufficiency of the evidence. (*Tasker* v. *Cochrane*, 94 Cal. App. 361 [271 Pac. 503].) In such case there is nothing to interpret. There is no language that can be interpreted as complying with the provisions of section 657 of the Code of Civil Procedure. But when the trial court goes beyond such general order, and uses any language that can reasonably be interpreted as including insufficiency of the evidence, the appellate courts have uniformly interpreted the language as including that ground. It must be remembered that all presumptions are in favor of the order and that the burden is on the appellant to show error. (2 Cal. Jur., p. 887, sec. 522.)

In *Lewis* v. *Southern California Edison Co., supra,* a new trial after a jury verdict was granted, the order reading: " . . . it is ordered that the said motion be granted on all the grounds stated in the notice of intention to move for a new trial." It was held that, inasmuch as the notice of intention specified insufficiency of the evidence, the order included that as one of its grounds.

In *Griffey* v. *Pacific Electric Ry. Co.,* 58 Cal. App. 509 [209 Pac. 45], the order recited that it was granted "on the ground of excessive damages." The court held that this language was (p. 513) "tantamount to a specification that the new trial was granted on the ground of the insufficiency of the evidence . . . ".

In *Secreto* v. *Carlander, supra,* the order granting the new trial after a jury verdict provided that if the defendant filed a consent to increase the judgment in a specified amount, "the motion for a new trial will be denied; otherwise the motion will be granted." It was held that the order included insufficiency of the evidence because it indicated that the trial court believed the verdict was not adequate.

In *Lucerne Country Club* v. *Beal,* 21 Cal. App. (2d) 121 [68 Pac. (2d) 408], the order read that the new trial was granted "as to all issues made by the said cross-complaint of the said R. J. Palmer and the answer thereto." The appellate court erroneously treated the case as if it involved the granting of a new trial after a jury verdict. It discussed at some length the requirement of section 657 of the Code of Civil Procedure, and held that the order, properly interpreted, did include insufficiency of the evidence. After quoting from *Lewis* v. *Southern California Edison Co., supra,* the court stated (p. 126) : "The order in the instant case is likewise not a general order. While it does not directly refer to any of the six grounds upon which the motion for a new trial was based, it does grant a new trial as to all the issues made by the cross-complaint and the answer thereto. All of the issues made by the cross-complaint and the answer thereto, and all the facts involved or tendered by the pleadings mentioned, which necessarily includes whatever testimony may be offered to support the issues there tendered and the facts to be determined by the trial court which, as has been determined in a case about to be cited, is tantamount to granting a new trial on account of the insufficiency of the testimony to support the facts as theretofore found upon the issues tendered by such pleadings".

These cases demonstrate that the order here involved, granting the new trial "on all issues", is susceptible of the reasonable interpretation that the trial court intended by that language to include insufficiency of the evidence. What else can the expression "on all issues" mean? It must mean either

all issues presented by the pleadings, which would include the issues of negligence of appellant and contributory negligence of respondent, and the sufficiency of the evidence to support the implied finding of the jury on these issues, or it must mean all issues presented by the motion for a new trial, one of which was the sufficiency of the evidence. In either event, under the cases cited, such order is not a general order, but must be interpreted as including a reference to insufficiency of the evidence within the meaning of section 657 of the Code of Civil Procedure.

That this must have been the trial court's intention is demonstrated by the facts of the present case. The accident happened on a Sunday at about 6:30 P. M., on the Black Point Cut-off in Marin County. There was a steady stream of westbound traffic on this two lane highway at that time, and among the cars was one owned by defendant Ewing, and driven by her daughter Audrey Bates; one driven by defendant Robert Bayley, who was accompanied by his wife, and one being driven by a Max D. Petroff. There is some conflict as to the order of these three cars in the line of traffic, but there is no doubt that plaintiffs' car was the third of that particular group. Defendant Souza, traveling eastward, from which direction there was less travel, came in contact with the car driven by defendant Bates, and as a result of this collision the above three cars became involved in the accident. Both plaintiffs suffered certain injuries, and their car was damaged.

The questions involved in the case were whether the accident was due solely to the negligence of respondents, or solely to the negligence of Souza, or solely to the negligence of Audrey Bates, or due to the concurring negligence of any two or more of them. There is substantial evidence in the record from which a jury would be justified in finding that respondents were not negligent and that the accident was either caused by the negligence of Souza, or by the concurring negligence of Souza and Bates. Under such circumstances it rested within the discretion of the trial court to grant or deny the motion for a new trial on the ground of insufficiency of the evidence. (*Lewis* v. *Southern California Edison Co., supra.*) Obviously, inasmuch as a new trial was granted as to the other defendants, the ends of justice will be served if the cause is retried on all the issues. That is very likely the

reason why the trial court inserted in its order the words "on all issues."

Some reference should be made to the 1939 amendment to section 657 of the Code of Civil Procedure, *supra*, even though the parties to this appeal place no reliance thereon. That amendment became effective some time after the entry of the order from which the appeal here involved was taken. Whatever may be the rule as to the retroactive effect of procedural amendments, that amendment, whatever its proper interpretation may be, can have no application to this appeal. We are here trying to ascertain what the trial court meant by certain language in the order. If that language meant and was intended to mean one thing when it was used by the trial court, then that meaning obviously could not be changed by a later amendment of the law.

The order appealed from is affirmed.

Knight, J., concurred.

WARD, J., Dissenting.—I dissent.

Ordinarily an order granting a motion for a new trial is presumed to be valid. (Code Civ. Proc., sec. 1963.) With respect to the order of the trial court on which this appeal is based, the presumption is overcome by the obvious non-compliance of the order with the terms of the statute. In no unmistakable terms the legislature has directed that an order granting a new trial on *"all . . . issues"* or *part of them* upon the ground of the insufficiency of the evidence, shall so specify, and that otherwise on appeal the order will be presumed not to be based upon that ground. (Emphasis added.) (Code Civ. Proc., sec. 657, as amended by Stats. 1919, chap. 100, p. 141.) Hence it is necessary "on appeal" to presume that the order is not based on the insufficiency of the evidence unless it so specifies. This view has been adopted by the Supreme Court of this state. In not one opinion rendered by the Supreme Court is there a departure from this rule except in the instance where it appears that the evidence is "insufficient in law, and without conflict in any material point." (*Biaggi* v. *Ramont*, 189 Cal. 675, 677 [209 Pac. 892].) In no case called to my attention has any opinion been rendered by the Supreme Court wherein there has been the slightest variance from this rule, and in no case has the evidence been analyzed indicating that it was "in-

sufficient in law". The District Court of Appeal in a few cases and evidently in the interest of justice adopted a liberal interpretation of the provisions of the section.

An excellent analysis of the necessary specifications under the provisions of section 657 appears in an opinion, written by Judge Schauer, Appellate Department, Superior Court, County of Los Angeles, in the case of *Gruben* v. *Leebrick & Fisher, Inc.*, 32 Cal. App. (2d) (Supp.) 762 [84 Pac. (2d) 1078], a portion of which opinion I adopt as expressing my views applicable to the precise question on appeal in the present case: "1. The concluding paragraph of said section 657 by its terms provides only for the case where the new trial is granted upon the ground of the insufficiency of the evidence to sustain the *verdict;* it makes no reference to a case tried by the court without a jury where the motion is granted on the ground of insufficiency of the evidence to sustain a *finding.*

"2. Various sections in part 2, title 8, chapter 7, article II, of the Code of Civil Procedure, within which division we find said section 657, distinguish unmistakably between trials by a jury, which are resolved by verdict, and trials by the court without a jury, which are determined by the court's findings of fact and conclusions of law, sometimes termed the decision.

"In this respect said section 657 itself recognizes the distinction; it reads: 'The *verdict* may be vacated and *any other decision* may be modified or vacated, . . . and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . .

" '6. [The precise subdivision here involved.] *Insufficient evidence.* Insufficiency of the evidence to justify the *verdict* or *other decision,* or that it is against law.' (Emphasis added.)

. . . . . . . . . . . .

" . . . As we have heretofore suggested, the amendment of 1919 by its terms creates the requirement for specification of the ground in the order only where such ground is 'insufficiency of the evidence to sustain the verdict' and does not purport to make a similar statutory modification of the law applicable to an order based on insufficiency of the evidence to sustain the 'decision', which is specifically mentioned, sepa-

rately and distinctly from 'verdict', in subdivision 6 of said section.''

Subsequent to the decision in the Gruben case, the legislature amended section 657 by specifying that its provisions covered both verdict and decision, and further, that on appeal such an order is to be conclusively regarded as not based upon the ground of insufficiency of the evidence. (Stats. 1939, chap. 713.)

*Lucerne Country Club* v. *Beal,* 21 Cal. App. (2d) 121 [68 Pac. (2d) 408], cited in the majority opinion, is not controlling in this case. There the issues upon which the motion for a new trial was granted were limited to the cross-complaint and the answer. In this case the order is general and applies to every issue appearing from the pleadings, which necessarily includes responsibility and liability for the accident, not only between the plaintiffs and the appealing defendant, but also liability as between this defendant and the other defendants not parties to this appeal. Nothing appears in the record and no contention is made that the evidence to sustain the verdict against the appealing defendant is insufficient in law. In *Yoakam* v. *Hogan,* 198 Cal. 16, 20 [243 Pac. 21], the court said: ''As the order granting the motion for a new trial was general, and did not specify that it was granted because of the insufficiency of the evidence, it will be presumed on this appeal that the order was not based on that ground. (Code Civ. Proc., sec. 657.) We are precluded by the code provision from considering the question whether or not the evidence is sufficient to sustain the verdict, unless it is insufficient in law, and without material conflict in any material point.'' Moreover, the appeal from the order granting the new trial in the Lucerne case was from a decision rather than from a verdict, and accordingly the decision in that case is not applicable in this matter.

However, in other cases wherein verdicts have been entered the District Court of Appeal has given a different interpretation to the section. For instance, if the order was granted upon the ground of excessive or inadequate damages, the question immediately arises whether or not the damages could be considered in a new trial without consideration of all the evidence in the case. (*Griffey* v. *Pacific Elec. Ry. Co.,* 58 Cal. App. 509 [209 Pac. 45]; *Secreto* v. *Carlander,* 35 Cal. App. (2d) 361 [95 Pac. (2d) 476].) The rule in the Griffey and Secreto cases seems to imply that if the order

is tantamount to an order specifying insufficiency of the evidence, and a new trial cannot be had as to the parties directly concerned in the motion without a consideration of all the evidence, a new trial may be had as an unlimited trial *de novo* in the interest of justice. We are not confronted with that situation here. Neither excessive nor inadequate damages are enumerated in the notice of motion for a new trial. No judgment for damages was ever rendered in this case against Souza.

A jury has determined that defendants Ewing and Bates are responsible in damages, but that Souza is not. We are not concerned as to the form of the Ewing-Bates order; that is, whether it conformed to the provisions of section 657. It may have been that the court concluded the damages were inadequate or excessive, or that Ewing and Bates were not liable for the injuries sustained by plaintiffs. No appeal has been taken from the Ewing-Bates order. Here we are confronted with a general order in a jury case granting a new trial on "all issues". This is equivalent to an order simply stating "Motion granted." If the opinions of the Supreme Court, which make no exception, are to be followed, this order should be reversed. (*Read* v. *Pacific Elec. Ry. Co.*, 185 Cal. 520 [197 Pac. 791]; *Wilkinson* v. *United Railroads*, 195 Cal. 185 [232 Pac. 131]; *Biaggi* v. *Ramont, supra; Yoakum* v. *Hogan, supra; Condon* v. *Ansaldi*, 203 Cal. 180 [263 Pac. 198]; *Parker* v. *Southern Pac. Co.*, 204 Cal. 609 [269 Pac. 622]; *San Francisco* v. *Tillman Estate Co.*, 205 Cal. 651 [272 Pac. 585]; *Baroni* v. *Rosenberg*, 209 Cal. 4 [284 Pac. 1111]; *Sheets* v. *Southern Pac. Co.*, 212 Cal. 509 [299 Pac. 71]; *Phillips* v. *Powell*, 210 Cal. 39 [290 Pac. 441]; *Fennessey* v. *Pacific Gas & Elec. Co.*, 10 Cal. (2d) 538 [76 Pac. (2d) 104].)

The position adopted by the Supreme Court with respect to the rule that the presumption is against the validity of such an order is further strengthened by legislative action in reference to future cases involving this question. (Stats. 1939, chap. 713.) Likewise this is not a case wherein it may be claimed that the intent of the trial judge may be ascertained when the order is made on all grounds stated in the notice of intention to move for a new trial wherein it was possible to ascertain that insufficiency of the evidence was one of such grounds, as in *Lewis* v. *Southern California Edison Co.*, 116 Cal. App. 44 [2 Pac. (2d) 419]. In that case

the court specified the grounds by reference. The court held that it was not a general order. In this case no reference is made except to "all issues", which is general and is the exact subject matter, and in the exact language, of section 657, which precludes a new trial upon the ground of insufficiency of the evidence unless the order so specifies. The exception to this rule is when the evidence is "without material conflict in any material point".

The questions in this case are whether the accident was due solely to the negligence of Souza, or solely to the negligence of Audrey Bates in driving beyond the center line on the highway, or due to concurring negligence of both Souza and Bates. There is evidence in the record from which a jury would be justified in placing the liability upon defendant Bates and absolving defendant Souza; also evidence from which a jury could reasonably infer that liability could be placed upon defendant Souza; also evidence indicating concurring negligence of all defendants. There is evidence, irrespective of negligence on the part of defendants Bates and Ewing, from which a reasonable inference could be drawn absolving Souza from all liability. Without specifically relating the evidence indicating negligence on the part of defendants Bates and Souza, the transcript shows a material conflict of evidence. The weight of such evidence was a question of fact for the jury. No claim is made on appeal that plaintiffs were guilty of contributory negligence.

As I read the majority opinion, the affirmance of the order is predicated upon "interest of justice", supported by several (to my mind) inapplicable citations. It may be that Bates and Ewing would be better protected should Souza be forced to reappear as a defendant in this action wherein "justice", i. e., that he was not responsible for the accident, has already been determined by a jury. Justice demands that when a jury absolves one from liability in a trial fairly conducted, and without contention as herein of legal error, a defendant should not be harassed and annoyed by further litigation. In each of the cases cited in the majority opinion, there has been a departure from the clear mandate of the law makers, the interpretation in those cases tending to weaken the provisions of the code section that in a general order granting a new trial, it will be presumed "on appeal" that the order was not based on the ground of insufficiency of the evidence unless such ground is specifically stated in

the order. The establishment of the rule adopted in the majority opinion is the last judicial step necessary to nullify the specific provision of the section here considered; and this in face of the fact that the legislature subsequent to decisions above cited in the majority opinion has made this particular provision even more specific.

The only point urged on appeal is insufficiency of the evidence to sustain the verdict of the jury. Presumably, in the absence of any other error alleged in the motion for a new trial, none occurred. If the trial court intended to grant the motion on the ground of insufficiency of the evidence, an order in conformity with the direction of the legislature should have been made.

I conclude that the evidence is sufficient in fact and in law to sustain the verdict, and that there are material conflicts on material points which preclude the appellate court or the trial court from interfering with the verdict except by an express order granting the new trial upon the ground of the insufficiency of the evidence to sustain it.

The order appealed from, granting a new trial should be reversed.

A petition for a rehearing was denied on January 29, 1941. Ward, J., voted for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied on February 24, 1941. Gibson, C. J., and Edmonds, J., voted for a hearing.